ALICE KNIGHT, Respondent, v. THE SUPREME COURT OF THE ORDER OF CHOSEN FRIENDS, Appellant.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

1. *Benefit societies. Defense.*—A member of a mutual benefit associations upon whom a notice of assessment is served, has a right to presume that he has the usual time to pay the assessment; and his failure to pay within a shorter period, is no defense in an action, after his decease, on his certificate.

2. *Same.*—No defense for non-payment is available, where there remain, in the association's hands, funds of deceased sufficient to pay the assessment.

Appeal from an order denying a motion for a new trial, after a verdict directed by the court in favor of the plaintiff.

*Geo. M. Osgoodby,* for respondent.

*John E. Pound,* for appellant.

MACOMBER, J.—The defendant is a mutual benefit insur-

ance society, incorporated under the laws of the state of Indiana, having subordinate councils in this state. Its main object is to secure to those of its members who comply with the constitution and by-laws, or to their designated beneficiaries, a benefit not exceeding the sum of $3,000. The losses are paid from what is known as a relief fund, which is created and maintained by assessments, levied upon the members by the supreme council, as often as required by reason of the death of the insured.

The deceased, John Knight, became a member of the Erie Council, No. 23, on the 28th day of July, 1884, when he received a beneficiary certificate for $3,000, which, with his consent, was made payable to his wife, the plaintiff, in case of his death. He died on the 3d day of February, 1887, after being a member of the order for two years and a half.

The controversy between these parties arises over the omission of the deceased to pay an assessment which was levied on the 1st day of January, 1887, and which was made payable in the usual course of the business of the order within thirty days from its date, which would be January 31, 1887. It is admitted that this sum was not paid by the deceased. Article 8, section 1, of the constitution of this subordinate order, provides for the service of a notice of assessment as follows:

" Section 1. The secretary shall make out and deliver to each beneficiary member in good standing, either in person or to some person authorized by the member to receive the notice, or upon depositing the same in the post-office, directed to the member's last known address, a written or printed notice or assessment on account of the relief fund issued by the authority of the supreme council, and such a notice shall be deemed to be held a legal notice of such assessment. The secretary, in making these notices, is required to use the official notice blank furnished by the supreme council, but the use of any other form or blank shall not invalidate

the notice to the member, but only render the secretary subject to discipline."

By article 3, section 5: "When an assessment is made, it shall be the duty of the secretary to at once notify every member liable to the assessment * * * each member shall pay the amount due to the secretary within thirty days from the date of such notice, and any member failing to pay such assessment within thirty days, shall forfeit all the rights and claims to benefits under the relief fund law, and shall be reported suspended from beneficiary membership by the secretary in his report to the supreme treasurer * * * and shall stand so suspended until all arrearages and fines shall have been paid to the secretary, and all other laws governing reinstatements have been fully complied with."

The import of this section, although not expressly so declared, is that the member shall have thirty days' notice for the payment of this assessment, or, at least, thirty days, less reasonable time allowed for the mailing or personally serving such notices.

It was the duty of the secretary to notify Mr. Knight of the assessment immediately after the same was made. No notice was given, either to him or any other person in his behalf, until the 13th day of January, and then only in the following manner: On that day, namely, the 13th day of January, 1887, the little daughter of the deceased went to the secretary's office to pay a previous assessment, and in the envelope containing the receipt and the change was the notice which the defendant now relies upon. There is evidence by the plaintiff to the effect that she told her husband, some time afterwards, that such a notice had been brought home by the little girl, whereupon the deceased remarked that he would attend to it on a certain day, after his return from his duties at a distance upon the railroad.

The service of this notice is not the service contemplated by these by-laws. It was not done "at once" upon the making of the assessment, nor was it done within a reason-

able time thereafter, if payment was to be insisted upon on the 31st day of the month. The plaintiff's intestate was killed upon the railway twenty-one days after the little girl brought home this notice.

There is no evidence that the little girl had authority to receive this notice so as to bind the deceased, and he could be charged with such service only through the existence of the fact that the service had in fact been brought home to him by information furnished by his wife. The wife's evidence was sufficient to show that a notice had that day been served, but it is not sufficient to show that he had any reason to believe he was required to pay sooner than thirty days from that time. Under the course pursued by the defendant in its business and under its rules and regulations, the deceased had a right to presume that the usual time was allowed him in which to meet this assessment. There is, therefore, no defence available to the defendant by reason of the failure of the deceased to pay the assessment of January first. See Baxter *v.* The Brooklyn Life Insurance Co., 44 Hun, 184; 8 N. Y. State Rep. 246.

Aside from this consideration, however, there is a further defense, and that is, that the defendant had already in its hands moneys illegally exacted from the deceased which it ought to have applied to the extinguishment of the assessment of January 1, 1887. Mr. Knight became a member of the order on the 28th day of July, 1884. He was not liable for any assessment for any loss prior thereto. Yet it is shown in the case, that he was included in and paid an assessment of July 22, 1884, under circumstances which would show that it was not a voluntary payment, beyond the fact that he had reason to suppose that the demand made upon him was legal and binding. So long as there remained in the treasury of the defendant sufficient funds of the deceased with which to pay the assessment in question, no defense of forfeiture for non-payment was avail-

able to it. For this reason, also, the judgment should be affirmed.

There is also evidence of actual waiver of prompt payment of the amount required by the assessment of January 1, 1887. After the decease of Mr. Knight, he was, by resolution of the defendant, recognized as being a member in full standing at the time of his death. There are other items of evidence, though slight, which would render it necessary to submit the question of a waiver of a forfeiture to the consideration of the jury, had the course pursued at the trial required the judge to do so. But the defendant expressly waived any right to go to the jury, and it cannot now complain of the result upon the facts to which the learned trial judge arrived, so long as there was sufficient evidence to support it.

The order should be affirmed, with costs.

All concur.