### EVARTS *v.* UNITED STATES MUT. ACC. ASS'N.

*(Supreme Court, General Term, Fifth Department.*     October 23, 1891.)

1. MUTUAL INSURANCE—ASSESSMENTS—DEFAULT.
    A mutual assessment insurance company has no power, in the absence of a pro-
    vision therefor in its policies or its rules and regulations, to charge a member with
    an assessment made before he became a member, or for losses arising prior to his
    membership, and, therefore, where the money deposited by a member to meet fut-
    ure assessments was sufficient to meet all lawful assessments made before his death,
    he would not be in default by reason of the fact that the company used the money
    by applying it on an assessment made prior to his becoming a member.

2. SAME—PROOF OF DEATH—CONDITIONS—PLEADING.
    In an action on a life policy the answer alleged that the policy contained the con-
    dition that immediate notice of death should be given in writing, addressed to the
    secretary, stating full name, occupation, and address of the member, with full par-
    ticulars of cause of death, affirmative and positive proof of death to be furnished
    within six months.     The answer then alleged that this condition was not complied
    with.     *Held* that, as there were several conditions, the answer was insufficient in
    not specifying which one was not complied with.

3. SAME—PROOF OF DEATH—WAIVER.
    Failure to furnish proof of death cannot be relied on as a defense in an action on
    a policy where the company, by letter acknowledging receipt of the notification of
    the death of assured, refuses to furnish blanks for giving formal, positive proof.

**4. PLEADING—AMENDMENT ON MOTION FOR NEW TRIAL.**

An amendment of the complaint so as to conform to the proof may be allowed on motion for a new trial, made by defendant on case and exceptions.

Appeal from circuit court, Erie county.

Action by Harry Evarts, by guardian, against the United States Mutual Accident Association of the city of New York. From a judgment entered on the verdict of a jury, and also from an order denying defendant's motion for a new trial on a case and exceptions, the notice of appeal bringing up for review that part of the order which permitted an amendment of the plaintiff's complaint, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Peet, Smith & Murray,* for appellant. *George M. Osgoodby,* for respondent.

MACOMBER, J. The defendant belongs to that class of insurance companies which carry on a business of insurance against accidents on a mutual plan, and where the funds to meet losses and general expenses are derived from an assessment made upon the members from time to time. The plaintiff's father, Harry Evarts, received a policy of the company August 9, 1888, under proper application, the contract being in part that, in case of the death of the assured by accident, the defendant should pay to his son, the plaintiff, Harry Evarts, the sum of $5,000. At the time the insurance was effected the assured paid to the defendant the sum of $5, and a like sum on September 6, 1888, September 13, 1888, and December 13, 1888, making $20 in all, the last three payments being advance deposits to the defendant to apply upon future assessments under arrangements provided by a general rule of the company to deposit accounts, by which the association agreed to apply upon such assessments as might be made the several small sums so deposited with the company. The assured was killed outright in a railway accident at Hamilton, Ont., on April 28, 1889. A letter bearing date May 4, 1889, was written to and received by the defendant notifying it of the assured's death. An acknowledgment thereof was made by the officers of the defendant May 8, 1889, by which the receipt of the letter, informing the company of the death of Harry Evarts, was admitted, and also admitting that an application was made to the company in the same letter for blanks for formal proofs of death. The letter then proceeded as follows: "In reply, I have to say that we cannot comply with your request, for the reason that at the time of his demise Mr. Evarts was not insured in this company; his insurance having lapsed on April 3d by the non-payment of an assessment expiring on that day." It was conceded at the trial by the defendant that the deceased came to his death by accidental means within the intent and meaning of the policy, and that the defendant had at all times sufficient moneys to pay the loss if it should be found to be a claim against the company. The answer, after admitting the issuing of the policy, and putting certain allegations of the complaint in issue, not necessary to be mentioned, set up as an affirmative defense, and as a forfeiture of the rights of the plaintiff under the policy, an allegation to the effect that the deceased failed to pay an assessment ordered, and payable on the 11th day of February, 1889. It further alleges that the certificate or policy so issued by the defendant contained the following condition and provision, to-wit: "Immediate notice of any accidental injury or death for which claim may be made under this certificate shall be given in writing, addressed to the secretary of the association at New York, stating the full name, occupation, and address of the member, with full particulars of the accident and injury. A failure to give such immediate notice shall invalidate all claims under this insurance; and, unless affirmative and positive proof of the death or injury and duration of the disability, and that the same resulted from bodily injuries covered by

this association, shall be furnished to the association within six months of the happening of such accident, in case of the injuries resulting fatally, then all claims based thereon shall be forfeited to the association; and that the said plaintiff and beneficiary of said Harry Evarts failed to comply with said condition." There appear, therefore, to be two affirmative defenses set forth in the answer. The one relating to the failure of the assured to pay an assessment of two dollars, which matured on the 11th day of February, 1889, is shown to be entirely erroneous; and on the trial, with a liberality quite unusual in pleadings setting up forfeitures and claims for penalties, the learned court permitted an amendment of the answer by which the time of such forfeiture should be. changed from the 11th day of February, 1889, to the 3d day of April, 1889. By a notice dated August 9, 1888, (the date of the policy,) the defendant informed the insured that at a regular monthly meeting of the board of directors,—but at what monthly meeting it was not stated,—an assessment of two dollars upon each member, for conducting the business of the association, was ordered to be made upon all members in Division A, to which the deceased belonged, and that such assessment must be paid prior to September 8, 1888. As we understand the case, the payment of five dollars at the time of the issuing of the policy was a part of the contract by which the policy was procured. There were, therefore, three payments of five dollars each, applicable to future assessments. If the assessment of which notice was given August 9, 1888, was not legal, and the assured, consequently, not liable for the two dollars therein mentioned, the company had, at the time of the making of the subsequent assessments, sufficient moneys on deposit in its hands for that purpose, belonging to the assured, to meet such assessment, while, if such payment demanded August 9, 1888, was lawful and correct, sufficient moneys would not be in the hands of the company for such purposes. Where, from any portion of the agreement or of the rules and regulations of the company to which the assured subscribed, either in fact or by necessary implication, the right to make the assessment contained in the notice of August 9, and apply it to prior expenses, exists, is not ascertainable from the printed record before us. William B. Smith, who had been a director of the company for 10 years, and its general counsel, testified that, though the assured did not become a member until the 8th or 9th of September, 1888, the first assessment against him, of which he was notified September 9, 1888, was actually made before September 6th of that year. This sum may have been exacted under a resolution passed April 30, 1888, whereby applications accepted on and after July 15, 1888, should be assessed to expire 30 days from the date of the policy. Nothing, however, can be claimed by the defendant from this resolution, for Mr. Smith likewise testified that the assessment under that resolution expired September 6, 1888. But, whether the deceased paid in pursuance of the resolution of April 30th or not, there came into the defendant's hands at this time the sum of five dollars, applicable only to assessments made after his membership was effected; and, such being the fact, the assured is not shown to have been in default in any view which may be taken of the case. Under the evidence, the inference is strong that the assured, when he received the notice, believed that the same was in pursuance of the proper and necessary action of the board, taken after he had become a member of the corporation. If he was deceived in this respect, the company can claim nothing by way of forfeiture of his policy, by reason of his voluntary payment of an illegal demand contained in the notice. With the moneys so unlawfully taken from the assured the defendant had it in its power, and it was its duty, to discharge any assessment which had been lawfully made against the assured. No defense of forfeiture for non-payment was available to the defendant while it held these moneys, and while the assessments lawfully made had not exceeded the amount of money in their hands belonging to the assured. The assured had not contracted to pay for any assessment

for losses prior to his membership in the company. *Knight* v. *Supreme Council*, (Sup.) 6 N. Y. Supp. 427. For this reason the principal contention made by the learned counsel for the defendant cannot be upheld.

In respect to the second defense above mentioned, we should be of the opinion that the answer is insufficient to raise the question argued relating to the furnishing of proofs of death, were it necessary to do so to uphold the judgment, for it fails to specify which of the eight or more conditions named in the contract the plaintiff failed to comply with. Whether such failure related to the omission to serve (1) immediate notice of death, or whether such notice was (2) not in writing, or (3) whether it was not addressed to the secretary of the association at New York, or (4) whether the full name of the deceased was not given, or (5) whether his occupation and address were not given, or (6) whether the full particulars of the accident were not given, or (7) whether the proof was not affirmative and positive of the death, or (8) whether the same was not furnished within six months after the accident, the answer fails to state. It is alleged in the answer above quoted that the plaintiff failed to comply with the condition which was set forth in the answer, while it is seen that there are numerous conditions upon which the defendant might attempt to rely, no one of which is specified. In this respect the answer is insufficient. But under the letter acknowledging the receipt of the notification of the death of the assured, and a refusal to furnish blanks for giving the formal, positive proofs under oath, no such defense is, under the well-established authorities, available to the defendant. There is no condition in the policy saying what kind of proof shall be furnished; and under a refusal to forward blanks for such purposes, and under the letter which acknowledges the intelligence of the death of the assured without disputing the fact, the defendant must be deemed to be satisfied with such evidence as was in fact furnished, although it was not rendered under oath.

It is further contended by the learned counsel for the appellant that it was error for the court, on the motion for a new trial, made upon a case and exceptions, to allow an amendment to the complaint by which the failure to give formal proofs of death was excused; but under the view already expressed such amendment to the complaint was not necessary, for it was competent for the defendant to regard as sufficient and satisfactory the letter above mentioned, containing the announcement of the death of the insured. Yet we know of no reason, if the court thought the amendment should be made, why the same could not be made as well upon a motion for a new trial, so as to conform the pleadings to the proofs, as upon the trial itself, where it is quite clear that the defendant was not misled by such amendment. Code Civil Proc. §§ 539, 2944. The judgment and order appealed from should be affirmed. All concur.