HARRIETTE P. MARGESSON, administratrix, *vs.* MASSA-
CHUSETTS BENEFIT ASSOCIATION.

Suffolk.    January 16, 17, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Beneficiary Association — Failure to pay Assessment — " Mortuary and Disability*
*Purposes " — Forfeiture of Policy — Waiver.*

It is no defence to an action upon a certificate of membership issued by a benefi-
ciary association that the plaintiff's intestate failed to pay an assessment "for
mortuary and disability purposes" on notice, if he was not bound to pay an
assessment levied in whole or in part for disability purposes ; and the fact that
the intestate had paid earlier calls "for mortuary and disability purposes" does
not enlarge his contract.

CONTRACT, by the administratrix of the estate of Alexan-
der Margesson, to recover on a certificate of membership in
the defendant association.    Trial in the Superior Court, before
*Thompson,* J., who ordered a verdict for the plaintiff for the full
amount claimed; and the defendant alleged exceptions, which
were allowed by *Dunbar,* J.    The facts appear in the opinion.

*A. E. Avery,* for the defendant.

*A. A. Strout & W. H. Coolidge,* ( *G. S. Selfridge* with them,)
for the plaintiff

HOLMES, J.    This is an action upon a benefit certificate, and
the defence is a failure to pay an assessment on notice.    The
only question is whether the plaintiff's intestate was bound to
pay under the notice which he received.    The rules embodied
in the contract required him to pay three dollars a year, and
upon the death of any member an additional assessment of five
dollars and twenty cents, if required, and no more.    After a
while, on July 1, 1887, the company undertook to fix regular
dates for death assessments, and notified the members that at
some of the calls, if the money was needed to pay losses, an
assessment and a half would be included.    This, it will be
observed, did not purport to enlarge the amount to be paid, but
simply to regulate the times of payment in a way convenient to
both parties, although of course it made it more difficult for a
member to know whether he really was paying no more than he

was bound to pay. For about two years every call was for an assessment and a half; but at first the calls purported to be for death assessments only, and so within the terms of the contract. On May 1, 1889, the wedge was driven in a little farther. The call still was for an assessment and a half, and was denominated in large letters "a mortuary call," but there was added in fine print "for mortuary and disability purposes." The plaintiff's intestate never had undertaken to contribute to any insurance against disabilities, and was not bound to pay a call so worded. In July, 1889, the words "one and one half assessment" were dropped from the call, and the sum demanded was raised from seven dollars and eighty cents to nine dollars and seventy-five cents. In all later calls the demand was for nine dollars and ten cents. In March, 1890, the statement of the purposes of the call was enlarged again by the words, "and not exceeding one sixtieth of one per cent on the amount insured for the payment of contingent liabilities." The altered form of notice continued in use, and was that on which the plaintiff's intestate failed to pay, in July, 1890, shortly before his death.

On the foregoing statement no argument seems to us necessary to show that there has been no forfeiture. The fact that the plaintiff's intestate had paid earlier calls "for mortuary and disability purposes" did not enlarge his contract. It did not import more than a waiver of his rights to the extent of the payments made. See *Crossman* v. *Massachusetts Benefit Association,* 143 Mass. 435, 438. If it had imported more, there would have been no consideration for it, as he got nothing new and the company incurred no detriment. See *Davis* v. *German American Ins. Co.* 135 Mass. 251, 256.

*Exceptions overruled.*