Sisk *v.* Citizens' Insurance Company of Evansville.

[No. 1,721.   Filed January 14, 1897.]

PLEADING.—*Answer.*—*Insurance.*—In an action on a fire insurance policy containing the provision that in case of additional insurance the policy shall be void, unless consent in writing endorsed on the policy is procured from the company, an answer setting up that plaintiff procured additional insurance is sufficient without the

Sisk *v.* Citizens' Insurance Company of Evansville.

further allegations that consent of the company was given in any other manner than in writing, and that such condition in the policy was not waived. *pp. 567, 568.*

INSURANCE.—*Waiver.— Presumption.—* The law will not presume that an insurance company has waived a provision intended for its protection. *p. 568.*

PLEADING.—*Answer.—Insurance.—*An allegation, in answer to a complaint on an insurance policy, that the "plaintiff procured to be issued to her a policy of insurance," is equivalent to an allegation of delivery to, and acceptance of such policy by plaintiff. *pp. 568, 569.*

INSURANCE.—*Construction of Policy.—Interest of Assured.—*Where an insurance policy provides that it shall be void if the interest of the assured be any other than the entire, unconditional, and sole ownership of the property, unless expressed in the policy, such policy is void where the insured owns only an undivided one-half interest, and no statement of such fact is contained in the policy. *pp. 569–571.*

SAME.—*Failure of Insured to Protect Property from Damage After Fire.—*An insured cannot recover damages to his property, resulting from his failure to properly care for the same after it had been wet from the water used in extinguishing a fire in the building where the property was situate, where the policy provides that the best endeavor of the insured shall be used in saving and protecting the property at and after the fire, and in case of failure to do so the company shall not be liable for damages resulting from such failure. *pp. 571, 572.*

From the Knox Circuit Court. *Affirmed.*

*W. A. Cullop, C. B. Kessinger* and *F. M. Branthoover,* for appellant.

*Thomas Hanna,* for appellee.

COMSTOCK, C. J.—This action was commenced in the Knox Circuit Court on the insurance policy issued by appellee to appellant in the sum of $1,000.00. To the complaint, a demurrer was filed and overruled. The defendant then answered in six paragraphs. The first was a general denial.

The plaintiff demurred severally to the second, third, fourth, fifth, and sixth paragraphs, which demurrer was sustained as to the sixth, and overruled as to the others. The plaintiff replied to the second,

third, fourth, and fifth paragraphs. There was a trial by jury, and verdict and judgment for the defendant. The errors assigned are the overruling of the demurrers of appellant to the second, third, fourth, and fifth paragraphs of defendant's answer.

The policy is set out in the complaint and contains the following provisions:

"If the interest of the insured in the property be any other than the entire, unconditional, and sole ownership of the property for the use and benefit of the assured, or if the building stands on ground not owned in fee simple by the assured, it must be so expressed in the written part of the policy, otherwise the policy shall be void.

"This policy shall be void   *   *   *   if the interest of the assured in the property, whatever that interest may be, is not truly stated in the policy.

"This policy shall become void in each of the following instances, unless consent in writing of the company is endorsed hereon, viz.: If the assured, or any person having an insurable interest in the property, shall now have, or shall hereafter make, any other insurance on the property hereby insured, or any part thereof, whether the same be valid or not."

The second paragraph of the answer alleges that after the issuance of the policy in suit, plaintiff procured on the same property insurance, from the German Insurance Company, of Freeport, Illinois, in the sum of $700.00, without the consent in writing of the defendant company, endorsed upon the policy sued upon, which said policy, issued by the German Insurance Company, was, and still is valid. Counsel for appellant contend that this paragraph is fatally defective, because it does not aver that consent of the company for other insurance was not given in any other manner than in writing, and does not negative the

waiver of the condition that such consent must be given in writing, endorsed on the policy; that to avoid the policy, for this reason, the defendant assumed the burden, and should have pleaded the matter of avoidance.

To this proposition we cannot assent. Such a provision in a policy, as has often been stated by the courts, is for the benefit of the insurer to protect the company from the hazard of overinsurance. The law will not presume that the defendant waived a provision intended for its protection. Such condition may be waived as held in *Moffit* v. *Phenix Ins. Co.,* 11 Ind. App. 233; *New* v. *German Ins. Co.,* 5 Ind. App. 82. *Phenix Ins. Co.* v. *Hart,* 149 Ill. 513, 36 N. E. 990, cited in appellant's brief, and in numerous other decisions of our Supreme Court.

In the cases in which the question of waiver is passed upon, as a rule, averments of facts claimed to constitute waiver are set out, either by way of reply to answer, pleading the breach of condition, or in the complaint.

The matter set up in the paragraph of answer was such as in terms avoided the contract of insurance. Plaintiff in effect rendered it voidable and the waiver of the forfeiture was a proper subject of reply.

The third paragraph of answer alleges prior insurance without notifying defendant company, and without procuring its consent endorsed on the policy. The objections to the second and third paragraphs are substantially alike, and the same authorities and reasoning apply to both. It is further urged that the allegation, "that the plaintiff procured to be issued to her a policy of insurance, is not equivalent to an allegation of delivery to, and acceptance of such policy by the plaintiff." Conceding the learning of counsel, we think they are in error in this interpretation. A

standard dictionary defines the word procured "to acquire for one's self," "to cause;" and the word issue "to deliver for use." An allegation, that one has caused to be delivered to himself any article, imports its acceptance.

The fourth paragraph of answer alleges that the plaintiff does not own the entire interest in the property insured, but that one James Sisk owned the one undivided half thereof at the time said policy was issued.

The objection urged to this paragraph is that it does not aver facts showing no insurable interest in the property.

In support of this proposition counsel in their able brief cite *Imperial Fire Ins. Co.* v. *Dunham*, 117 Pa. St. 460, 12 Atl. 668; *Knop* v. *National Fire Ins. Co.*, 101 Mich. 359, 59 N. W. 653, 2 Am. St. 686; *Cross* v. *National Fire Ins. Co.*, 132 N. Y. 133, 30 N. E. 390; *Carpenter* v. *German American Ins. Co.*, 135 N. Y. 298, 31 N. E. 1015; *Von Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; the policies in which cases contain provisions as to titles of the insured similar to the policy issued by the defendant company.

*Imperial Fire Ins. Co.* v. *Dunham, supra,* was a case in which the holder of the policy was the purchaser, under articles, of the land upon which stood the property insured. The court held that the policy was not void, upon the ground that he was the equitable owner in fee, and, in respect to the insurance, the entire, unconditional, and sole owner; that, when articles are entered into for the sale of land, the purchaser is considered the owner.

In *Knop* v. *National Fire Ins. Co., supra,* the insured held the property under contract of purchase; and in *Carpenter* v. *German American Ins. Co., supra,* the court held that the provisions of the policy were waived by

the insurer.   In these cases the insured held the property under articles of purchase, and were, in the respective opinions given by the court, owners in fee.

In *Cross* v. *National Fire Ins. Co.*, *supra*, and *Carpenter* v. *The German American Ins. Co.*, *supra*, and *Van Schoick* v. *Niagara Fire Ins. Co.*, *supra*, it is held that the policies were not avoided, although the insured did not own the entire and sole interest in the property, because the agents soliciting the insurance and issuing the policies had knowledge of the facts as to the titles of the insured; that their knowledge was the knowledge of their principals, and that the circumstances attending the issuing of the policies amounted to a waiver of the condition in question.

In *Philadelphia Tool Co.* v. *British-American Assurance Co.*, 132 Pa. St. 236, 19 Atl. 77, the insured was a lessee, for a term of years, of a building in which he was engaged in the manufacturing business, and the court used the following language: "We ought to assume that a policy written under such circumstances was written upon the knowledge of the representative of the insurer, and intended to cover, in good faith, the interest which the insured had in the buildings.   Fraud is never to be presumed."

If the court in that case was justified in holding that the policy was issued with knowledge of the interest the insured held in the real estate in which its business was being carried on, the assumption that the insured in the case before us owned only an undivided interest in the household goods described in the policy, and that the defendant had knowledge of that fact, we think would not be warranted.

Counsel cite a number of authorities, to the effect, that whenever loss may be sustained, an insurable interest exists.   This proposition is not questioned; but it is also true that, unless a statement of interest is

required, either in the application or policy, the insured need make none; and, unless otherwise provided, it is sufficient that the applicant has an insurable interest. Unless more particularly inquired about, or there be a fraudulent concealment or misrepresentation, it does not invalidate the policy, when the applicant states that he is the owner of the property, or that it is his, if in some substantial sense this is true, although it turns out that he has not a perfect and absolute title. But it is different when more exact information with regard to the title is required; as when the true title is called for, or where it is provided that, if the interest of the insured be any other than that the entire, unconditional, and sole ownership of the property for the use and benefit of the insured, or be incumbered, it must be so represented to the company, and so expressed in the policy, otherwise the policy shall be void. 7 Am. and Eng. Ency. of Law, 1020-1022. See *Philips, etc.* v. *Knox, etc., Ins. Co.*, 20 Ohio 174; *Abbott* v. *Shawmut Mut. Fire Ins. Co.*, 3 Allen 213; *Pinkham* v. *Morang*, 40 Me. 587; *Fuller* v. *Madison Mut. Ins. Co.*, 36 Wis. 599; *Addison* v. *K. & L. Ins. Co.*, 7 B. Mon. (Ky.) 470; *Murphy* v. *People's etc., Ins. Co.*, 7 Allen 239, and many other cases there cited.

Judged by these decisions, the fourth paragraph of the answer is sufficient.

The fifth paragraph alleges that the property became very wet from the water thrown thereon to extinguish the fire in the building where the same was situate; that the plaintiff used no endeavor to dry or clean the same, but suffered it to remain in that condition; that if it had been properly cared for the damage thereto would not have exceeded $100.00. It admits a damage occasioned by the fire of $100.00, and is pleaded only as a defense to the amount claimed in excess of that sum.

The policy provides that the best endeavor of the insured shall be used in saving and protecting the property from damage at and after the fire, and, in case of failure to do so, the company shall not be liable for damage caused by such failure. There can be no abandonment to the company of the property insured. This paragraph charges a failure of the insured to perform her part of the contract in case of injury of the property by fire and states wherein she was negligent.

We find no error in the rulings of the court below. Judgment affirmed.

ROBINSON, J., took no part in this decision.