No. 11,203.

\* The Supreme Lodge of Patriarchs of America, *Plaintiff in Error*, v. Sarah A. Welsch, *Defendant in Error.*

HEADNOTE BY THE REPORTER.

Mutual Benefit Insurance — *Payment of Assessments* — *No Forfeiture.* Where it is shown that a deceased member of a mutual benefit insurance company, prior to his death, had paid into his lodge sufficient funds to cover all legal assessments against him, no forfeiture can be declared, even though the lodge may have applied the funds paid in such manner as to ostensibly show that the assured was in arrears for the last assessment prior to his death.

Error from Neosho county; L. Stillwell, judge. Opinion filed May 6, 1899. Affirmed.

*W. F. Schoch*, of Topeka, and *H. P. Farrelly*, of Chanute, for the plaintiff in error.

*C. A. Cox*, of Chanute, for the defendant in error.

*Per Curiam:* This was a suit upon a benefit certificate or policy of life insurance issued by a fraternal society. One of the defenses to the suit was that the assured had failed to pay within the time required the last mortuary assessment made by the society. It appeared, however, that although he had failed to pay the last mentioned assessment he had paid two others of like amounts for which he was not liable, and that at the time of his death the society was in reality his debtor to the amount of one assessment. Under these circumstances his benefit certificate or policy was not forfeited and the defense of forfeiture therefore failed. The case is within the terms of *Southwestern Benefit Association v. Swenson*, 49 Kan. 449, 30 Pac. 405, and *Elliot v. Grand Lodge*, 2 Kan. App. 430, 42 Pac. 1009, and many like cases of other states.

Another defense to the suit was that certain statements made by the deceased in his application for membership in the society and for the issuance of the benefit certificate and certain answers to questions asked him by the medical examiner of the society touching his habits in the use of intoxicating liquors were untrue.

The case was tried to the court without a jury. The principal issue presented to and determined by the court was the truthfulness of

\* Note—This case was not reported in full when the opinion was filed (See 60 Kan. 858), and is reported here because it was cited in the case of *Green v. Insurance Co.*, ante, p. 50.

these statements and answers. This issue was found in favor of the plaintiff. We do not, as has been repeatedly decided, reëxamine questions of fact upon which the evidence is conflicting. No question of law arises out of the contention over this question of fact with sufficient prominence to require us to give it attention. The plaintiff in error also claims that the court erred in refusing to allow it to prove that the father of the deceased knew of the reception by his son of intoxicating liquors through the express office and had warned the express agent to not deliver consignments of liquor to his son. The offer of this evidence was not in impeachment of anything the father had testified to as a witness. It was, therefore, inadmissible. The court rightly rejected it.

There is no error shown, and the judgment of the court below will be affirmed.