[No. 4959.    Decided April 12, 1904.]

HANNE JENSEN LOGSDON, *Respondent*, v. SUPREME LODGE OF THE FRATERNAL UNION OF AMERICA, *Appellant*.[1]

INSURANCE — BENEFICIAL ASSOCIATIONS — PAYMENT OF DUES — DATE OF ISSUANCE OF CERTIFICATE — CONSTRUCTION OF CLAUSE IN CONSTITUTION. Where a clause in the constitution of a beneficial society provides that a member shall be liable for the month in which his certificate is "issued or dated," but another clause provides that there shall be no liability on the part of the society until the Degree of Fraternity is conferred, one assessment paid, and the certificate is delivered and "accepted in writing," a certificate is not "issued" when signed and dated, nor until it is delivered, since the relations between the member and the association are contractual and the obligations must be mutual; hence under a certificate dated and signed August 12, but not delivered until September 2, at which time the first assessment was paid, and the degree conferred, there is no liability for dues for the month of August.

[1]Reported in 76 Pac. 292.

SAME—APPLICATION OF DUES. In such a case, it would be immaterial that the payment had been applied by the association to dues for the month of August, and that another payment had been made in September in advance, since the defense of forfeiture is not available as long as sufficient funds of the member were timely received to meet his assessments.

SAME—CONSTRUCTION—FORFEITURES NOT FAVORED. All the provisions respecting dues in benevolent associations must be construed together, and, as forfeitures are not favored, doubtful language will be construed in favor of the insured to avoid a forfeiture.       .   .

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered July 13, 1903, upon findings in favor of the plaintiff, after sustaining a demurrer to the answer, in an action upon a certificate of fraternal insurance. Affirmed.

*Willis B. Herr (Allen & Webster,* of counsel), for appellant.

*Virgil Peringer,* for respondent.

HADLEY, J.—Respondent is the beneficiary named in a fraternal insurance certificate issued by the appellant corporation to one Charles C. Jensen, who is now deceased. Payment having been refused, this action was brought to enforce recovery. A demurrer to the complaint was overruled. An affirmative answer thereafter interposed was, on motion, stricken, and the appellant refused to plead further. The court then made findings of facts and conclusions of law, and entered judgment in favor of respondent for $1,012, with interest and costs. This appeal is from the judgment.

No exceptions were taken to the findings of facts, and the assigned errors which are urged relate to the rulings upon the demurrer and motion to strike, and also to the conclusions of law. It is first contended that the court

erred in overruling the demurrer to the complaint. The allegations of the complaint, including exhibits attached thereto, are extensive, and it is impracticable to set them forth here in detail. The complaint, however, shows that on the 3d day of September, 1901, the deceased was initiated as a member of New Whatcom Lodge, No. 143, a local and subordinate branch of the appellant corporation; that at said time there was conferred upon him what is called the "Degree of Fraternity;" that, prior to the said date, he had paid all admission fees, together with fees for certificate, and supreme medical and local physician's examination; that on said date he paid to the secretary of said local lodge one dollar to apply on his first assessment, and also fifteen cents per capita tax, and twenty-five cents local lodge dues; that on the preceding day, September 2, 1901, the benefit certificate was delivered to him, and he accepted the same in writing; that on the 9th day of September, 1902, he died, and prior to his death had paid to the appellant twelve assessments of one dollar each, twelve monthly payments of per capita tax of fifteen cents each, and twelve monthly payments of local lodge dues of twenty-five cents each. It is alleged that said twelve payments, aggregating $1.40 each, were made for the twelve consecutive months beginning with September, 1901, and ending with August, 1902.

The complaint further shows that the constitution of the appellant corporation provides that each member, when he takes his Degree of Fraternity and receives his benefit certificate, shall pay to the secretary of his lodge, in addition to one month per capita tax and local dues, one assessment according to his age when applying for membership, which, in this instance, was one dollar; that the constitution further provides that each member of the order shall pay one assessment per month according to the rate named in his

certificate, which shall be paid to the secretary of the subordinate lodge of which he may be a member, on or before the last day of each month, and, if not so paid, the beneficiary certificate shall become null and void. The following further provision of the constitution also appears by the complaint:

"Every member shall be liable for dues as required by his lodge, one assessment and fifteen cents per capita tax for the month in which his benefit certificate was issued or dated by the supreme secretary; provided, the same is issued prior to the twenty-first day of the month, and all certificates issued after the twentieth day of the month the assessment and per capita tax shall be credited to the following month. Said assessment, dues and per capita tax shall be payable at the time of delivery of the benefit certificate or said certificate shall remain null and void and of no effect."

The principal contention upon the demurrer, and in fact in the whole case, hinges upon the construction that shall be given to the above quoted extract, in its application to the facts of this case. It will be seen, from what has been said as to the allegations of the complaint, that, if the obligation to make the first payment of assessment and dues did not accrue until the month of September, 1901, then the twelve payments which were afterwards made included the month of August, 1902. If the payments should be so applied, it follows that the payment for September, 1902, was payable at any time before the end of that month, and inasmuch as the member died on the 9th day of September, there was no default.

The benefit certificate appears to have been signed by the supreme officers of the appellant corporation, at Denver, Colorado, on the 12th day of August, 1901. Inasmuch as the last mentioned date was in the month of August, and prior to the 21st of said month, appellant contends that,

under the above quoted constitutional provision, the deceased was liable for an assessment for that month. If he was so liable, and if the first payment should be applied to August, 1901, it follows that none of the twelve consecutive payments which were made applied to any month after July, 1902, and the following month of August wholly passed without any payment. It is upon this point that appellant seeks to evade liability, and to defeat recovery.

Emphasis is placed upon the fact that the quoted constitutional provision says that a member shall be liable for the month in which his benefit certificate is "issued or dated." It will be observed, however, that a proviso immediately follows to the effect that such liability accrues only when the certificate is "issued" prior to the 21st day of the month. A certificate cannot be said to be *issued,* when it is merely dated and signed by appellant's officers. It is not issued until it becomes vitalized as the evidence of a binding mutual obligation. It does not become such until it has been delivered to, and accepted by, the member. In that particular it is analogous to a deed, which does not become a deed until it is delivered, even though that may be long after its date.

The relation between the member and appellant must be construed as a contractual one. Appellant suggests that the relation is not that of mutual obligation, since the member is not bound to pay unless he chooses to do so. Appellant agrees, however, that, if the member does pay, it shall be bound. It accepts his payment as a consideration for such binding obligation, and its liability does not arise until payment has been made. When the member pays, he does it for a consideration, which is the agreement of appellant to pay benefits. A contract must be

mutual, and until all conditions are such that appellant is bound to pay benefits, there is no contract. Appellant now insists that a payment made and accepted in the month of September, 1901, should be applied to the prior month of August, notwithstanding the fact that, if the member had died during said month of August, appellant would not have been bound. It would not have been bound, for the reason that its constitution expressly provides that it shall not be liable for a payment of benefits until the Degree of Fraternity is conferred upon the member, until one assessment and one monthly per capita and dues are paid, and until the benefit certificate has been delivered to him, and its terms accepted in writing on the face thereof.

We have already seen that the certificate was not delivered and accepted until the 2d day of September, 1901, and the Degree of Fraternity was not conferred, and the assessment paid, until the following day. All these things occurred after the expiration of the month of August, and appellant was not, during that month, liable to pay benefits. When, therefore, the first monthly assessment was paid and received, it must be held to have applied to a month when the appellant itself was bound. Otherwise the member would have received no consideration for his payment, and it would have amounted to a mere gratuity. It is immaterial that another payment was made before the end of the month of September, 1901. The member was entitled to have the payment applied to the month of October, although paid in advance. The same was true of other payments also made in advance, and it is immaterial that appellant itself may have otherwise applied them. As long as sufficient funds of the member to meet the assessments were timely in the hands of appellant, no defense of forfeiture for nonpayment is available. *Elliott v. Grand*

*Lodge A. O. U. W.,* 2 Kan. App. 430, 42 Pac. 1009; *Evarts v. U. S. Mut. Acc. Ass'n,* 16 N. Y. Supp. 27; *Supreme Lodge of Patriarchs v. Welsch,* 60 Kan. 858, 57 Pac. 115; *Knight v. Supreme Council Order of Chosen Friends,* 6 N. Y. Supp. 427; *Demings v. Supreme Lodge Knights of Pythias,* 48 N. Y. Supp. 649; *Margesson v. Mass. Ben. Ass'n,* 165 Mass. 262, 42 N. E. 1132.

If, as appellant contends, the deceased was liable for an assessment for the month of August, 1901, then, under the constitution, as we have seen, it must have been paid before the end of that month, or he was in default. On that theory he was in actual default on the 2d day of September, when appellant delivered to him the benefit certificate. For reasons already stated, however, it seems to us illogical to reason that a default could occur until such a time as there was a completed contract between the parties. If there could be no default, there could be no liability.

Appellant objects to the use of the term "liability," as applied to the member, for the reason that the whole matter is optional with him. Such may be technically true, but the term is commonly used in this connection, and it is the identical one adopted by appellant itself, in its own constitutional provision, above quoted. The term is, of course, not used of the member in the sense that an absolute personal obligation to pay exists, but rather in the sense that, if he would continue appellant's liability, he himself is obligated to pay. We think the complaint clearly states a cause of action, and that the demurrer was properly overruled.

We see no provisions in appellant's constitution that necessarily conflict with our views as expressed, and certainly not when they are all construed together, under the application of ordinary rules governing contracts. The

case does not seem to us to involve even inconsistent or contradictory questions, suggesting a doubtful relation between appellant and the insured. If it were so, however, it would be our duty to construe the provisions in the contract respecting a forfeiture so as to adopt those most favorable to the insured. Forfeitures are not favored, and, where language is doubtful, courts will adopt that construction which will avert a forfeiture. *National Bank v. Insurance Co.*, 95 U. S. 673; *Franklin Life Ins. Co. v. Wallace*, 93 Ind. 7; *Elliott v. Grand Lodge, supra; Modern Woodmen of America v. Jameson*, 48 Kan. 718, 30 Pac. 460; *Miner v. Michigan Mut. Ben. Ass'n, etc.*, 63 Mich. 338, 29 N. W. 852; *Woodmen of the World v. Gilliland*, 11 Okl. 384, 67 Pac. 485. Some general comments in the opinion of the last above cited case we heartily approve, and, because of their seeming appropriateness, we quote them here:

"We believe that the true rule of construction in cases like this is that the court will give to the language such a liberal construction as will tend rather to sustain than to defeat the certificate, consistent with the laws and rules of the order; that beneficiary certificates of insurance, having been designed for the relief of those who are needy and helpless, should not be defeated of their purpose on grounds and for reasons which are purely technical; that a forfeiture will not be enforced unless it is clearly demanded by the rules governing the construction of written agreements. When a policy of insurance contains inconsistent or contradictory provisions, it is the rule that the provisions most favorable to the insured will be adopted. . . . Courts will construe a contract of insurance liberally, so as to give it effect, rather than to avoid it. Conditions which create forfeitures will be construed most strongly against the insurer. Only a stern legal necessity will induce such a construction as will nullify the policy."

The above discussion upon the demurrer to the complaint effectually disposes of the case. We believe the court did not err in striking the affirmative answer, as we think no competent issue was tendered thereby. The findings were, in substance, in accord with the allegations of the complaint, as above stated. There were no exceptions to the findings. The court's conclusions of law were in accord with our views expressed above, and we believe they were not erroneous.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT and DUNBAR, JJ., concur.