## CUNNINGHAM v. ROYAL NEIGHBORS OF AMERICA.

"Issue" is defined by Webster to mean to send out, to put into circulation.

Civ. Code, § 731, estopping a life insurance company from setting up in defense to a policy that insured was not in good health at the issuing of the policy where the medical examiner has issued a certificate of health, is not limited in its application by the word "issuing" to the time of execution of a benefit certificate, but includes the delivery of the certificate to insured, and a certificate is not issued until delivered in the sense of that section.

An answer not showing the facts from which there can be no other deduction than that of fraud is insufficient, where there is no express allegation that insured knew that her health was not good when she received her benefit certificate to admit proof to establish fraud under Civ. Code, § 731, estopping a life insurance company to set up in defense to a policy that insured was not in good health at the issuing of the policy, where the medical examiner has issued a certificate of health, except where the policy is procured by fraud.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Hamlin County. Hon. GEORGE H. MARQUIS, Judge.

Action by Samuel Cunningham against the Royal Neighbors of America. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Nelson, Duffy & Dennison* and *Seward & McFarland,* for appellant. *M. J. Russell* and *Hanten & Hanten,* for respondent.

WHITING, P. J. This action was brought to recover on a benefit certificate issued by the defendant corporation, by which certificate it undertook to insure the life of one Valina Cunningham in favor of her husband, the plaintiff herein. Trial was had resulting in a verdict for plaintiff, and, a motion for a new trial having been denied, the defendant company has appealed to this court from the judgment of the trial court and the order denying a new trial.

No dispute is made but what said Valina Cunningham made her application for such benefit certificate, and that in due course of time her application was approved and a certificate executed by the proper officers of the company; that said certificate was forwarded to the proper officers of the local lodge, a branch of such defendant company, and by such officers mailed to the insured and received by her on the 29th day of May, 1906; that on or about June 3, 1906, the assessment due upon issuance of such policy was paid on behalf of the insured; and that upon July 6, 1906, the insured died. Numerous errors are assigned by the appellant company, several of which were abandoned in its brief, and, in the view we take of the case, there is only one question needing consideration.

The defendant alleged, and it stood established beyond question by the proof, that the certificate was issued and received by the insured subject to all the by-laws of said defendant company. Among such by-laws are found provisions under which no policy shall come into force, as against the defendant company, until the same shall be delivered to the insured, while such insured person is in good health. Among other defects set up by the appellant was the alleged fact that at the time this policy was received by the insured she was not in sound health, and the appellant alleged that for said reason such certificate never went into effect, there being no valid delivery of the same. Upon the trial the appellant called witnesses for the purpose of proving, and sought to prove, the alleged bad health of the insured at the time of the receipt by her of said certificate. Evi-

dence along this line was objected to by respondent, and his objection sustained, and it is the rulings of, the court sustaining these objections of which the appellant now complains, and which alleged error is the material question for consideration at this time.

Respondent contends that the rulings of the court are correct under section 731 of the Civil Code of this state, which reads as follows: "In any case where the medical examiner, or physician acting as such, of any life insurance company doing business in this state, shall issue a certificate of health or declare the applicant a fit subject for insurance under the rules and regulations of such company, the company shall be thereby estopped from setting up, in defense of suit on such policy, that the assured was not in' the condition of health required by the policy at the time of issuing of such policy, except where the same is procured by or through the fraud or deceit of the assured." Appellant contends that said section has no application to the question involved here, for the reason that said section relates only to the time of issuing a policy, and that the "issuing of a policy" and the "delivery of the policy" are two separate and distinct matters; that "issuing" relates to the signing and executing of the policy, and nothing more. No contention is made but what, if the word "issuing," as used in said section, includes the delivering of the policy, that then the ruling of the trial court was correct, unless, as we shall hereafter more fully consider, the answer was sufficient to admit of proof to establish fraud or deceit under said section 731.

We are clearly of the opinion that the learned trial court was correct in the construction which it placed on said section 731. It needs but a moment's reflection to satisfy any person that to construe the word "issuing" as referring only to the executing of the certificate by defendant company makes such section of practically no effect, inasmuch as the act of executing the policy or certificate is a thing done entirely unknown to the insured, and therefore the insured could never know whether some sudden illness suffered by him during the time between date of the

application and the receipt by applicant of the policy occurred at a time when, if known to the company, it might have caused the company to refuse to execute the policy or certificate. But, regardless of the fact that appellant's construction of this section would destroy its usefulness, we think that, under the authorities, there can be no question but what as used in this section the word "issuing" includes the idea of delivery. Webster defines issue as follows: "To send out; to put into circulation." We think it must be conceded that as long as the certificate is in the hands of the defendant company or its agents, the officers of the local company, that such certificate has never been "sent out" from the defendant corporation. Appellant has cited us to the case of Logsdon v. Supreme Lodge of F. U. of A., 34 Wash. 666, 76 Pac. 292. In that case, in construing the word "issue," the court said: "A certificate cannot be said to be issued when it is merely dated and signed by appellant's officers. It is not issued until it becomes vitalized as the evidence of a binding and mutual obligation. It does not become such until it has been delivered to and accepted by the member. In that particular it is analogous to deed which does not become a deed until it is delivered, even though that may be long after its date." In the case of Sisk v. Citizens' Ins. Co., 16 Ind. App. 565, 45 N. E. 804, the question arose as to the construction of a certain phrase used by plaintiff in the complaint, and the court says: "It is further urged that the allegation 'that the plaintiff procured to be issued to her a policy of insurance' is not equivalent to an allegation of delivery to and acceptance of such policy by the plaintiff. Conceding the learning of counsel, we think they are in error in this interpretation. A standard dictionary defines the word 'procured' 'to acquire for one's self,' 'to cause,'; and the word 'issue' 'to deliver for use.'" In the case of Folks v. Yost, 54 Mo. App. 55, the court says: "Counsel for defendants at the oral argument seemed to place much emphasis on the clause directing the engineer to 'deliver such bills to the party in whose favor issued,' etc., arguing, as we gathered his meaning, that this necessarily meant that the bills had already been issued before delivery. We regard such interpretation of the word

'issued' as too narrow and not in keeping with the general context of the act." And, again, this court called attention to the fact that "the ordinary and commonly accepted meaning of 'to issue' is to send forth, to put into circulation, to emit, as to issue bank notes, bonds," etc. In the case of State v. Pierce, 52 Kan. 521, 35 Pac. 19, the court says: "To issue county warrants or orders means 'to send out; to deliver; to put forth; to put into circulation; to emit, as to issue bank notes, bonds, scrip,' etc." In Magget v. Roberts, 112 N. C. 71, 16 S. E. 919, the court held that a marriage license was not "issued" when filled out, and said: "When filled out * * * and handed to the party who was to use it it was then 'issued.' "

The appellant has sought to show that its answer was sufficient to admit of proof under section 731, in that it is claimed the allegations therein were such as to show fraud on the part of the insured. It is true, as held by this court in Bryne & Hammer Dry Goods Co. v. Willis-Dunn Co., 23 S. D. 221, 121 N. W. 621, that it is not always necessary to expressly allege the fraudulent intent on the part of the party accused of fraud, when, from the facts pleaded, there can be no other deduction except that of fraud on the part of the person against whom such facts are pleaded; yet the answer in this case falls far short of coming under that class of pleadings. This answer was prepared apparently, so far as the parts material to this question were concerned, upon the theory that there had been no valid delivery owing to the fact that insured was not in sound health. If it had not been for said section 731 of our Code, supra, such plea was sufficient, and this regardless of any allegation of scienter on the part of the insured, and the pleader in drawing the answer, following such idea, has wholly omitted any allegation to the effect that the insured was aware of the fact that her health was not sound at the time she received such certificate.

The judgment of the trial court and the order denying a new trial are affirmed.