JAMES NUGENT v. DANIEL NUGENT AND EMANUEL NUGENT.

*Foreclosure of mortgage by trustee.*

A woman deeded land to one of her sons and took his bond, drawn to her weak-minded daughter, for the purpose of providing for the latter. It was afterward arranged that the grantee should give his mortgage to another brother to secure the bond. The grantee afterwards sold the land, or the equity of redemption therein, to still another brother, and the holder of the mortgage filed a bill against them to foreclose it. *Held* that the transaction made complainant a trustee for the benefit of his sister, and that, in a proceeding to foreclose, the holder of the equity of redemption could not claim that in this suit the fund should be secured for the sister's benefit, or that it should be enjoined from passing into complainant's control.

Appeal from Kent. (Montgomery, J.) Apr. 12.—Apr. 18.

FORECLOSURE bill. Defendants appeal. Affirmed.

*James Nugent*, in person, and *Hughes & Smiley* for complainant.

*Taggart & Wolcott* for defendant Emanuel.

GRAVES, C. J. The court below having granted a decree for the foreclosure of a mortgage, the defendant Emanuel, who bought of defendant Daniel the equity of redemption, appealed to this Court.

The parties are brothers, and the controversy assumes the color of a family contention. The mother, Mary Nugent,

who is still living, is about eighty years of age. Her daughter Cecilia, a sister of these parties, is a single woman aged about forty years, and it appears from the case that she is of weak mind and wholly incompetent. That she is entirely dependent on the care of others is a fact which all parties admit.

On the 10th of April, 1877, the mother, Mary Nugent, conveyed the mortgaged premises to the defendant Daniel and, as representing a thousand dollars of the purchase money, she received from Daniel his bond to Cecilia for that amount. The object of this arrangement was to make provision for Cecilia, and the mother received the security because the daughter was not qualified to take charge of it. At the time of this transaction a mortgage to accompany the bond was drawn up, but was never executed. Subsequently, and on the 31st of August of the same year, it was arranged between Mrs. Nugent and her son Daniel the purchaser, and the complainant, that Daniel should give this mortgage to complainant on the oral understanding of the latter that he would provide for Cecilia after the mother's death. The intention was that the mortgage should represent the same thousand dollars for which the bond was executed. This arrangement was originally satisfactory to Mrs. Nugent, the exclusive author of the bounty, and so far as we can judge she is still satisfied with it. The essence of the transaction was to make James a trustee of the fund for the benefit of his invalid sister, and his declarations in the case are apparently sufficient to place her equity on pretty high ground.

The defendant Emanuel, who holds the equity of redemption, and is the sole contestant, is apprehensive that his sister is in danger of being cheated by complainant out of the fund, and he seeks to defeat the foreclosure, unless some provision is made in this particular suit to secure the fund for her benefit, or at least to enjoin it from passing under the control of complainant.

This contention is not germane to the case. The protection and administration of the trust which Mrs. Nugent confided to complainant are not within the scope of this suit,

and there is reason for feeling some doubt whether the contending defendant established any title to interpose in any manner. The face of the mortgage points out the complainant as the proper person to sue for foreclosure, and it is immaterial for our present purpose whether the whole interest is absolutely his own, or whether the fund is subject to the trust referred to. In either case it would be regular for him, so far as appears, to render the fund available by getting in the money. If the interests of the sister are likely to be endangered, they may find protection in some proceeding adapted to the end.

The decree must be affirmed with costs.

The other Justices concurred.