## WYONE SHOE COMPANY *v.* DANIELS & COMPANY.

1. Under the act of August 17, 1903 (Acts 1903, p. 92), the requirement that the purchaser of a stock of goods in bulk shall, at least five days before the completion of said purchase or the payment therefor, "notify, personally or by registered mail," each of the creditors of the vendor, is met by sending the proper notice by registered mail at least five days before the completion of the purchase or the payment therefor. It is not necessary that the notice so mailed shall be received by the creditor five days before such completion.
2. The act requires that such notice shall show "the proposed sale, the price to be paid therefor, and the terms and conditions thereof, together with a copy of the statement of the assets and liabilities, as furnished him by the vendor."
3. It was not a sufficient compliance with the requirement of the act stated in the preceding headnote to send a notice which contained only the following statement of the terms and conditions of the sale: "The terms and conditions of said purchase being as follows: cash payment $3,000, $6,000 in stock in the Wyone Shoe Company, balance in deferred payments."

APRIL 14, 1911.

Garnishment. Before Judge Mitchell. Lowndes superior court. May 28, 1910.

*G. A. Whitaker,* for plaintiff in error.

*Woodward & Smith,* contra.

LUMPKIN, J. The second section of the act of August 17, 1903 (Acts 1903, p. 92), regulating the sale of stocks of goods, wares, and merchandise in bulk, reads as follows: "Thereupon it shall be the duty of the purchaser, at least five (5) days before the completion of said purchase, or the payment therefor, to notify, personally or by registered mail, each of said creditors, of the said proposed sale, the price to be paid therefor, and the terms and conditions thereof, together with a copy of the statement of the assets and liabilities, as furnished him by the vendor." Two questions arise for decision: first, was it a sufficient compliance with the requirement of the act that the notice was sent by registered mail to a non-resident creditor of the vendor at least five days before the completion of the sale or payment therefor, or was it necessary that such notice should be received, by the person to whom it was sent, five days before such completion; and second, was the notice which was sent in this case sufficient in its terms to comply with the act?

1. It is made the duty of the purchaser "to notify, personally or by registered mail," each creditor of the vendor at least five days

before the completion of the purchase. Does the expression, "to notify . . by registered mail," mean that the purchaser must place the notice in the mail duly registered, or that the person·to whom it is addressed must receive it before it becomes a notice? The act is dealing with the duty of the purchaser. If he adopts the method of giving notice by mail, when he places the notice in the mail duly registered, he has done all that he can·do to comply with the law. Whether such.notice reaches the creditor or not, or whether it reaches him promptly, is a matter over which the purchaser has no control. If there should be a delay in handling the mails, or if the creditor should be sick, or absent from home on a journey, there might be a long delay; and if the sale could not be completed until five days after every creditor had.received the notice personally, and its validity should depend upon the proof of such receipt, sales in bulk would be practically impossible. The provisions of the act are somewhat stringent, but they do not go to that extent.

2, 3. Omitting the date, direction, and signature, the notice sent was as follows: "You are hereby notified that the Wyone Shoe Company, a corporation under the laws of Georgia, has traded for and agreed to purchase the entire stock of merchandise owned by O. M. Tift, in Valdosta, Ga., and that said purchase and sale will be fully consummated on Thursday, the 19th inst. You will find enclosed herewith copy statement of assets and liabilities of O. M. Tift, together with the addresses and amount due to each creditor, also copy inventory taken by the purchaser and seller, showing articles purchased and the cost price thereof, as furnished by O. M. Tift. The terms and conditions of said purchase being as follows: Cash payment $3,000, $6,000 in stock in the Wyone Shoe Company, balance in deferred payments." This did not comply with the requirement of the·act above cited. It did not show what was "the price to be paid therefor, and the terms and conditions thereof." It merely mentioned two payments, one of $3,000 in cash, and the other of $6,000 in stock in a shoe company, and added, "balance in deferred payments." When such deferred payments were to be made, or what was their amount, or what was the total purchase-price, was not stated as the act required. The judgment of the presiding judge, to whom the case was submitted without a jury, holding that the sale was not valid as against the creditor to whom the

13

notice above quoted was sent, was right, though we can not agree with him in declaring that the registered notice must have been received by the creditor five days before the consummation of the sale. 						*Judgment affirmed. All the Justices concur.*