## PURYEAR *v.* FARMERS MUTUAL INSURANCE ASSOCIATION.

1. In September, 1906, a fire-insurance company, which assessed its members to pay losses, issued a policy which contained a clause providing that the liability of the company should cease if the insured should neglect to pay any assessment within thirty days after the agent's notices had been issued. The policy declared that the company and the insured should be bound by the by-laws, but no by-laws were set out or attached, as provided by the act of August 17, 1906 (Civil Code (1910), § 2471). *Held,* that, on the trial of a suit on the policy, it was error to admit in evidence a clause of the by-laws for the purpose of showing the provision as to the manner of issuing notices of assessments.

2. Where a policy of insurance contains a clause which works a forfeiture on failure to pay assessments made to meet losses, within thirty days after notice, unless there is something to show a contrary intent it will be construed to require actual notice; and the mailing of a notice which is never received will not work that result.

3. A provision that such forfeiture shall result from a failure to pay any assessment within thirty days "after the agent's notices have been issued," in the absence of anything further, will not be construed to work a forfeiture for failure to pay an assessment of which notice was mailed but never received.

4. There was evidence tending to show these facts: A policy was issued to D. Puryear, and the insured later received by mail a postal card addressed to " C. Y. Per," containing a notice of an assessment of a stated amount; but not believing it to be intended for him, and at the instance of the company's agent, he returned it to the company by mail, with the request that, if it was for him, they should correct it, and the statement that he was ready to pay his assessment. He heard nothing from the company, though its agent promised to call and correct the matter. *Held,* that in a suit on the policy it was error to direct a verdict for the defendant, although the company's secretary testified that he mailed a correct notice, after receipt of the plaintiff's letter.

FEBRUARY 15, 1912.

Action upon insurance policy. Before Judge Fite. Gordon superior court. January 14, 1911.

*Maddox, McCamy & Shumate,* for plaintiff.

*J. G. B. Erwin Jr.* and *J. M. Neel,* for defendant.

LUMPKIN, J. A policy of insurance on a house was issued to D. Puryear by the Farmers Mutual Insurance Association, the insurer being a company operating on the assessment plan. In addition to making certain provisions as to assessments, the policy declared that both the association and the insured should be governed by the by-laws. After a loss by fire, a suit was filed by the insured.

On the trial the court directed a verdict for the defendant. The plaintiff moved for a new trial, which was refused, and he excepted.

The policy of insurance was dated September 18, 1906. It had no copy of by-laws attached to it. Objection was made to the introduction in evidence of the by-laws in regard to mailing notices of assessments, but this was overruled. The objection was well taken, and should have been sustained. The act of August 17, 1906 (Civil Code (1910), § 2471), was in force when this policy was issued. It declares, that where an insurance policy contains a reference to the application for insurance, or to the constitution, by-laws, or other rules of the company, as forming part of the policy or contract, or having any bearing on the contract, a copy thereof shall be contained in or attached to the policy; and that, if not so attached, such constitution and by-laws shall not be received in evidence as a part of the policy or as an independent contract, or be so considered. *Johnson* v. *American National Life Ins. Co.,* 134 *Ga.* 800 (68 S. E. 731). This applies in terms to " all life and fire insurance policies issued upon the life or property of persons within this State," whether issued by a domestic or foreign company. There is no exception as to insurance companies operating on the assessment plan. It is true that prior to 1906 there was in the code a section which declared that the rules and regulations of a mutual insurance company became a part of the policy; and this still remains in the Code of 1910 as section 2530. But it must be construed in harmony with the act of 1906, now embodied in section 2471. Similarly section 2479, which was in existence prior to 1906, declares that representations in an application are considered as covenanted to be true. But, if not harmonized with section 2471, it practically nullifies that section, codified from a later act.

In Pennsylvania it has been held that a somewhat similar statute does not apply to benefit societies; but a different rule has been declared in Kentucky. Whichever of these decisions may be the sounder, it does not affect this defendant, which is not a fraternal beneficiary order within the meaning of the laws of this State. Civil Code (1910), § 2866 et seq. See, in this connection, *Heralds of Liberty* v. *Bowen,* 8 *Ga. App.* 325 (68 S. E. 1008). It was accordingly error to admit in evidence the by-laws of the company

which were referred to in the policy, but of which no copy was attached.

Omitting from consideration the by-laws, how stands the case? The policy declares that "the insured shall bear his pro-rata portion of all expenses and loss sustained by the members of this association." It also contains this clause: "Should this insured neglect to pay any assessment to meet the loss of property of any member of the association, that at noon of the thirtieth day after the agent's notices have been issued the liability of this association shall cease until such time as the insured be again restored to membership in the association; but the treasurer shall collect the last assessment, it being a premium for past protection." What was the effect, standing alone, of the provision that the liability of the association should cease on the thirtieth day after the agent's notices "have been issued"? The ceasing of liability was provided to occur without further action. Where forfeitures are to result from non-payment of contingent and irregular assessments, in the absence of any agreement as to notice, it has been declared that the law will hold that no liability to pay the assessment has become fixed until notice has been given. *Wright* v. *Supreme Commandery of the Golden Rule,* 87 *Ga.* 426 (13 S. E. 564, 14 L. R. A. 283). Where notice is required to be given, it is generally held, in the absence of anything appearing to the contrary, that the notice is not complete until it is received; and that, while mailing a notice duly directed and stamped may furnish presumptive evidence of its receipt, it does not alone constitute notice. Courtney v. U. S. Masonic Benefit Association (Iowa), 53 N. W. 238; McCorkle v. Texas Benevolent Association, 71 Tex. 149 (8 S. W. 516); Castner v. Insurance Co., 50 Mich. 277 (15 N. W. 452); Supreme Council American Legion of Honor v. Hass, 116 Ill. App. 587; Preferred Accident Ins. Co. v. Fielding, 35 Colo. 19 (83 Pac. 1013, 9 Am. & Eng. Ann. Cas. 916); 3 Cooley's Briefs on Ins. 2356 (h) et seq., and citations. In *Wyone Shoe Co.* v. *Daniels & Co.,* 136 *Ga.* 192 (71 S. E. 1), a statute requiring a purchaser of a stock of goods in bulk to notify, "personally or by registered mail," the creditors of the vendor, five days before completing the purchase or paying therefor, was construed, with reference to its language and context, to be satisfied by sending the proper notice by registered mail. This is different from

the present case. Here the liability of the company was to cease if the insured should neglect to pay any assessment to meet the loss of property of any member within thirty days "after the agent's notices have been issued." Unaided by any by-laws as to issuance of notice, what does this require? The transitive verb "issue" sometimes means to send out or let out, and sometimes to deliver or give out, as for use, to send out officially, or to deliver by authority. Webster's Dictionary; Century Dictionary. A county warrant has been held not to be issued until it is actually delivered to the person authorized to receive it. American Bridge Co. v. Wheeler, 35 Wash. 40 (76 Pac. 534). Where a provision in the constitution of a society declared that a member should be liable for dues, etc., for the month in which his certificate was "issued or dated by the supreme secretary," it was held that the certificate was not " issued " until it had been delivered to and accepted by the subscriber. Logsdon v. Supreme Lodge of Fraternal Union, 34 Wash. 666 (76 Pac. 292). In *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261), it was held, that " if a policy of insurance is capable of being construed in two ways, that interpretation must be placed upon it which is most favorable to the insured." *Thornton* v. *Travelers Ins. Co.,* 116 *Ga.* 121, 126 (42 S. E. 287, 99 Am. St. R. 287). No mode of issue is here prescribed. If the company could say that sending out a notice by mail would suffice whether received or not, why might it not urge the same argument if the notice were sent out by a messenger?

The plaintiff testified, among other things, as follows: His name was D. Puryear. He found in his mail box a card addressed to "C. Y. Per," calling for payment of an assessment of $2.00, and having attached a notice that unless it was paid in thirty days the policy would be void. He asked the postmaster if it was intended for him, to which the latter replied that he thought so, and, if not, he did not know for whom it was. Plaintiff met the agent of the company at the post-office, and asked him if the card was intended for plaintiff, to which the agent replied that he thought not, and told him to send it back to the company, or a named officer, and tell them, if it were intended for him, to send another notice of assessment, and that he was ready to pay the money. He did so, but received no reply. The agent promised several times to come

down and have it corrected, but the plaintiff never knew of his having come. He did not know the authority of the agent. It is unnecessary to set out the evidence for the defendant, further than to say that the treasurer of the company testified that, after receiving the letter of the assured, he mailed another notice. The judge directed a verdict, which he could not lawfully do unless the uncontradicted evidence, with all reasonable deductions therefrom, demanded it. Civil Code (1910), § 5926. It did not do so in this case.

It was argued, that, if the first card or notice was insufficient, the policy-holder made the United States post-office his agent by asking for a reply to his letter, and thus ran the risk of receiving the reply. This is not sound. He did not ask for a reply by mail, if that would have had the effect claimed. The evidence stated above makes a very different case from making a proposition or offer by mail.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*