## 17469. HARALSON *v.* MENDEL.

1. It appearing that the defendant Lanier was indebted to the plaintiff, Mendel, doing business as Mendel & Company, when he (Lanier) sold the merchandise to the garnishee, Haralson, that the plaintiff had no notice of this sale before or at the time it was made; that the sale was made in bulk, that Haralson did not comply with the bulk-sales act as embodied in the Civil Code (1910), §§ 3226 et seq., and that the plaintiff's claim was less than the value of the merchandise, the sale by Lanier to Haralson was fraudulent and void so far as the plaintiff was concerned; and Haralson was liable in garnishment in the sum claimed.
2. The note taken by the plaintiff, through its representative, from the defendant Lanier, for the settlement of the account, merely changed the form of an already existing indebtedness; it contained no release of Haralson for his violation of the bulk-sales act, and the taking of it was not a waiver of the plaintiff's right to proceed against Haralson for the amount due the plaintiff.
3. The court did not err in ruling as to the admissibility of testimony.
4. Under the counter-showing made as to the newly discovered evidence, the trial judge did not err in refusing to grant a new trial because of that evidence.

DECIDED DECEMBER 14, 1926.

Garnishment; from city court of LaGrange—Judge Tuggle. May 18, 1926.

---

Fraudulent Conveyances, 27 C. J. p. 878, n. 61; p. 885, n. 56; p. 889, n. 32.

*L. L. Meadors,* for plaintiff in error.

*Lovejoy & Mayer, A. S. Grove,* contra.

PER CURIAM. H. Mendel, doing business as H. Mendel & Company, filed a suit on an open account against W. C. Lanier, doing business under the name of Lee Stein, agent. While this suit was pending, Mendel & Company garnished T. P. Haralson, who answered that he was not indebted to the defendant Lanier. This answer was traversed by the plaintiff, and the court directed a verdict in favor of the traverse. The garnishee filed a motion for a new trial, which was overruled, and he excepted.

The record discloses that Lanier was indebted to Mendel & Company for merchandise in the sum of $2,456.10; that on April 11, 1925, while so indebted, Lanier sold this merchandise to Haralson for $3,650, of which $3,000 was paid in cash, the balance being covered by a short-time note, which was paid; that the merchandise was worth the price paid for it by Haralson; that Haralson testified: "I did not obtain from Mr. Lanier or any one else a statement of assets and liabilities, nor did I obtain a list of the creditors with their names and addresses, and I did not give any notice by registered mail to any creditor that I had bought that business;" that on May 25, 1925, Lanier gave to a representative of Mendel & Company a note payable to Mendel & Company for the amount due on his account; that Mendel & Company sued Lanier on the open account instead of on this note; that in November, 1925, Mendel & Company garnished Haralson, the garnishment and the suit on account being returnable to the December, 1925, term of court; that the plaintiff obtained a judgment at this term against Lanier; that at the same term the garnishee answered that he owed the defendant nothing; that this answer was traversed by the plaintiff, and that the court directed a verdict in favor of the traverse and against the garnishee on March 8, 1926.

1. It appearing that the defendant Lanier was indebted to the plaintiff, Mendel & Company, at the time that he (Lanier) sold the merchandise to Haralson, garnishee; that the plaintiff had no notice of this sale before or at the time it was made; that the sale was made in bulk; that Haralson did not comply with the bulk-sales act as embodied in the Civil Code (1910), §§ 3226 to 3229 inclusive; and that the claim of plaintiff was less than the value of the merchandise, the sale of the goods by Lanier to Haralson

was fraudulent and void so far as the plaintiff was concerned; and Haralson was liable in garnishment to the plaintiff in the sum. claimed, this being less than the value of the goods. *Jacques & Tinsley Co.* v. *Carstarphen,* 131 *Ga.* 1 (62 S. E. 82). See also *National Cash Register Co.* v. *Stubbs,* 29 *Ga. App.* 543 (116 S. E. 44).

2. The note taken by the plaintiff, through its representative, from the defendant Lanier for the settlement of the account, merely changed the form of an already existing indebtedness; it contained no release of Haralson for his violation of the bulk-sales act, and the taking of it was not a waiver of plaintiff's right to proceed against Haralson for the amount due the plaintiff. See, in this connection, *Morgan* v. *Weil Co.,* 31 *Ga. App.* 611 (121 S. E. 703).

3. The court did not err in ruling as to the admissibility of testimony.

4. Under the counter-showing made relative to the newly discovered evidence, the trial judge did not err in refusing to grant a new trial on this ground. The motion for a new trial was properly overruled, and the judgment so ruling is

*Affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*