### 25597. FLUELLEN *v.* CAMPBELL COAL COMPANY.

JENKINS, P. J. 1. Although there were two orders by single directors of the Department of Industrial Relations before the superior court on appeal by the claimant, the first an award denying compensation, and the last an order denying an application by the claimant to the full board of the department to reopen the case and take further testimony, and the judgment of the superior court affirmed in general terms "the order, judgment, and decision of the department," the bill of exceptions of the claimant treats the affirmance as relating to the last order, and

assigns error only thereon. However, even if the exceptions could be considered as relating also to the first award on the merits, that award and a judgment thereon adverse to the claimant were fully authorized by the testimony.

2. While an appeal may be made to the superior court, within thirty days from its date, from either an award by a single director or an award by the full board (Code, § 114-710), an application to the full board to review the award of a single director may be first made. In that event, however, it must be filed "within seven days from the date of notice of the award" to the party at interest. § 114-708. After that time, the department is without jurisdiction to review the decision of the director as to the existing condition of the employee and the claimant's right to compensation. *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897), and cit.; *U. S. Casualty Co.* v. *Smith*, 42 *Ga. App.* 774 (157 S. E. 351), and cit.

3. Notice as to orders and times of hearings to an attorney whose name is of record as counsel for a client, or who has represented the client as the leading or equally associated counsel in the previous trial or proceedings in the matter, is notice to the client. *Bean* v. *Barron*, 176 *Ga.* 285 (2) (168 S. E. 259); *Faircloth* v. *Taylor*, 147 *Ga.* 787 (95 S. E. 689); *Citizens Bank of Vidalia* v. *Citizens &c. Bank*, 160 *Ga.* 109 (127 S. E. 219); *Rooke* v. *Day*, 46 *Ga. App.* 379, 380 (167 S. E. 762); Code, § 9-605; 6 C. J. 638.

4. On the application of the instant claimant for a review by the full board of an award by a single director on the merits of the claim and for the taking of additional testimony, there was no objection or exception to the hearing and decision of this controversy by a single director. It was proper for him to determine, on the objections of the employee, the power of the department to review the previous award, where the application was filed by an attorney, not of record for the claimant, more than seven days after notice of the award had been given to the attorney of record who had represented the claimant at the previous hearing, and to determine the allegations of the last attorney that the first attorney did not represent the claimant at the time of the award, that the department was duly notified thereof, and that, since notice of the award was not received by the last attorney until the date of his application for review, it was filed in due time. Under the conflicting testimony and the records of the department, the director was fully authorized to find that the first attorney continued to represent the claimant at the time of the award and notice to him, that the application by the last attorney for review, having been filed more than seven days after the notice, was too late, and should be denied; and that the department was without jurisdiction to reopen the case and take further testimony, neither the superior court nor this court having the power to disturb an authorized finding on the facts, the superior court did not err in affirming on appeal the last order of the single director.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 17, 1936.

*Ben C. Williford,* for plaintiff.
*Alston, Alston, Foster & Moise,* for defendant.