33233. MITCHELL *et al. v.* WALLER.

DECIDED NOVEMBER 4, 1950. REHEARING DENIED DECEMBER 12, 1950.

8

*George & Dan Mitchell, Noah J. Stone,* for plaintiffs in error. *David Gershon,* contra.

GARDNER, J. While it is true that, as a general rule, the first

grant of a new trial in a case will not be disturbed by this court unless the verdict and judgment rendered were absolutely demanded by the evidence and under the law (see *Connally Realty Co.* v. *Nally,* 38 *Ga. App.* 292, 143 S. E. 786, and *Stone* v. *Elder,* 42 *Ga. App.* 508, 156 S. E. 475), there is no substantial conflict as to the material facts, and the questions presented here are purely of law.

This was a sale of a stock of merchandise and entire business by the defendant, Leonard, to the garnishee, Mason, and there was no compliance with the provisions of the Bulk Sales Law of this State (Code § 28-204 et seq.) as to notifying creditors of the seller. The plaintiff Waller was a creditor in the sum of $468.53 and his claim was not paid. The $250 sent to him out of the funds held by the trustees was not payment. This check was refused. There was no agreement by him to accept less than the amount of his claim and no composition of creditors.

Where there is a failure of the seller and purchaser of a stock of merchandise and business to comply with the Bulk Sales Law of this State, such sale is conclusively presumed to be fraudulent as to a creditor of the seller who is not paid. Such creditor may sue the debtor and sue out a garnishment against the purchaser, and the garnishee will be deemed liable for such claim. *Haralson* v. *Mendel,* 36 *Ga. App.* 174 (136 S. E. 88). The mere fact that the creditor knew that the sale had taken place, acquiring such knowledge afterwards, will not suffice to take the place of notice to him under the statute. See *National Cash Register Co.* v. *Stubbs,* 29 *Ga. App.* 543 (116 S. E. 44). The fact that the creditor, the plaintiff Waller, attempted to collect his claim from the fund placed in escrow by negotiating with Mitchell, the attorney, who had charge of paying out the fund placed in escrow to pay claims owing by the seller, Leonard, before bringing suit against the debtor and running the garnishment against the purchaser, Mason, and the person in charge of the fund placed in escrow to pay the claims, Mitchell, does not constitute a waiver on the part of the plaintiff creditor to insist upon his rights under the Bulk Sales Law and to insist that the sale was as to him fraudulent where that law was not complied with. See *Haralson* v. *Mendel,* supra. In that case a note was taken by the creditor and this note was not paid. The court held: "The note taken by

the plaintiff . . merely changed the form of an already existing indebtedness; it contained no release of Haralson for his violation of the Bulk Sales Act, and the taking of it was not a waiver of plaintiff's right to proceed against Haralson for the amount due the plaintiff." The evidence did not show knowledge on the part of the plaintiff prior to the same that this sale would be made by Leonard. In the *Haralson* v. *Mendel* case, supra, the court said: "It appearing that . . the plaintiff had no notice of this sale before or at the time it was made; that the sale was made in bulk; that Haralson did not comply with the Bulk Sales Act . . and that the claim of plaintiff was less than the value of the merchandise, the sale of the goods by Lanier to Haralson was fraudulent and void so far as the plaintiff was concerned; and Haralson was liable in garnishment to the plaintiff in the sum claimed, this being less than the value of the goods."

Under the above, Mason was liable to the plaintiff and the trial court erred in finding against the plaintiff's traverse of the answer of this garnishee.

As to the attorney Mitchell: He held the $6,500 placed in escrow to pay the creditors of Leonard. He paid certain creditors, but did not pay the plaintiff, a creditor. The amount of the plaintiff's claim was $468.53, and the attorney paid out of this fund $200 to Leonard and $425 to himself for legal fees, together with $325 to an agent for producing Mason as the purchaser of the business. The trial court also erred in overruling the traverse of the answer of this garnishee.

The fact that Mason placed the entire purchase-price in escrow to pay creditors of Leonard will not constitute a compliance with the Bulk Sales Law. Where this law is not complied with the sale is conclusively presumed to be fraudulent and void as to all unpaid creditors. Code, § 28-205; and see *Wyone Shoe Co.* v. *Daniels & Co.*, 136 *Ga.* 192 (71 S. E. 1); 27 C. J. 876, 877.

The fact that the plaintiff testified that he was "looking to the funds that Mr. Mitchell had to get my money" did not constitute any estoppel or waiver or prevent the creditor from attacking the sale as being void under the Bulk Sales Law and from suing out this garnishment. The trial judge erred in hold-

ing that Waller was precluded by seeking to collect his money from this fund.

There was no such acquiescence in the sale as to constitute any waiver of the plaintiff's rights under the Georgia Bulk Sales Law. The case of *Stovall Co. v. Shepherd*, 10 *Ga. App.* 498 (73 S. E. 761), is not applicable here.

The fact that there may be evidence that the value of the merchandise sold was only $1200 and the combined value of the merchandise and fixtures was only $2000, and that more than this sum had been paid out to the creditors, did not preclude the plaintiff under the facts of this case, from recovering the amount of his claim by garnishment against the purchaser, Mason, who paid $6500 for the business in bulk, and against the holder of the purchase-price, Mitchell. The fact that the money had all been paid out when the garnishment was run does not relieve the garnishees from liability under the facts of this case, where the Bulk Sales Law had not been complied with, and there was no consent to the sale or acquiescence therein, and the claim is less than the purchase-price of the merchandise.

Applying the foregoing principles, the judge of the superior court did not err in sustaining the petition for certiorari and granting a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*