57805. FAVORS v. TRAVELERS INSURANCE
COMPANY et al.

CARLEY, Judge.

Favors made a timely claim for workers' compensation and applied for a hearing. On September 9, 1977, the hearing was held, and the record was left open until December 27, 1977. Thereafter, in a "Notice of Award" dated January 27, 1978, the administrative law judge directed that compensation be paid to Favors. The employer and insurer filed an application for review of this award with the state board on February 28, 1978. With one director dissenting, the full board, using January 27, 1978, as the operative date, found that the application for review had not been filed "within 30 days of notice of the award" as required by Code Ann. § 114-708, and dismissed the application for review. The employer and insurer appealed this dismissal to the Superior Court of Fulton County. The superior court reversed and remanded the case to the full board, holding that: "The critical date to be used in determining the time within which an appeal may be filed with the full board of the State Board of Workers' Compensation seeking review of an award of an Administrative Law Judge is the date that notice of the subject award is actually received by the party seeking appeal, or that party's counsel."

Favors appeals from the superior court's reversal and remand and urges that the board's original determination

that the application for review was untimely filed was correct and that the state board is without jurisdiction to consider the merits of the application. We disagree and affirm, though we reject the reasoning.

1. The questions presented on this appeal may be simply stated: Does Code Ann. § 114-708 require that an application for review by the state board be filed within 30 days from the date appearing on the face of the award itself? If not, under the workers' compensation law in force and effect at the time relevant to this appeal what was the date of "notice of the award" within 30 days of which an application for review must have been filed with the state board? While the questions may be simply stated, their resolution is more difficult.

Favors argues strenuously that the "notice of the award" referred to in Code Ann. § 114-708 means the tangible document denominated "notice of award" which evinces the administrative law judge's findings and his award of compensation. Favors urges that a party has 30 days from the date which appears on the face of that document within which to apply for review, regardless of "notice" to the party of the contents and the import of the award itself. In other words, Favors argues that the 30-day period provided by Code Ann. § 114-708 expired on February 26, 1978, and that date being a Sunday, the last day for filing for review was Monday, February 27, 1978.

We do not agree that "notice" as contemplated by the legislature when enacting Code Ann. § 114-708 refers to a tangible document. Construing together the statutes operative at the times relevant to this appeal (former Code Ann. § 114-707 (Ga. L. 1975, pp. 198, 207) and Code Ann. § 114-708)), it is clear that the legislature intended "notice of the award" to be more than a mere piece of paper. "The members, any of them, or a deputy director shall hear the parties at issue . . . and shall determine the dispute in a summary manner . . . *The award,* . . . shall be filed with the record of the proceedings and a *copy of the award* shall immediately be sent to the parties at dispute . . . If an application for review is made to the State Board of Workmen's Compensation within 30 days of *notice of the award,* all of the members shall review the evidence . . .

and shall make an *award* and file the same . . . A *copy of the award* so made on review shall immediately be sent to the parties at dispute . . . " (Emphasis supplied.) It is thus readily seen that references to the document are made in terms of "an award" or "a copy of the award;" the words "notice of the award" found in Code Ann. § 114-708 are unique and must connote something other than the document itself. Cf. *Ryan v. Commissioners of Chatham County,* 203 Ga. 730, 731 (1) (48 SE2d 86) (1948).

That "notice of the award" is something other than words on paper is borne out in the cases construing this language in the predecessor statute to existing Code Ann. § 114-708. In *Fluellen v. Campbell Coal Co.,* 54 Ga. App. 355 (188 SE 54) (1936) an award denying compensation was made on January 4, 1933, and the attorney for the claimant received "notice" of this award on January 5, 1933. On these facts, the court, in discussing the question of "notice" and timely filing of an appeal, held that "[*n*]*otice* as to orders and times of hearings to an attorney whose name is of record as counsel for a client, or who has represented the client . . . is *notice* to the client. [Cits.]" Id. at 356 (3). (Emphasis supplied.) Likewise, in *Sweatman v. Hartford Accident & Indem. Co.,* 100 Ga. App. 734, 735 (112 SE2d 440) (1959) the court found that the statutory requirement that an appeal be filed within a certain number of days of "notice of the award" was a "provision" for the giving of notice; it was error to dismiss an appeal from a workers' compensation award because of untimely filing when neither the claimant nor his attorney received a copy of the award, "no compliance having been made as to the *notice provision* . . ." (Emphasis supplied.) It is thus clear that "notice of the award" under Code Ann. § 114-708 does not merely refer to the tangible document which evinces the award; that the state board denominates its form "notice of award" does not require a contrary holding in light of the prior construction of the language of Code Ann. § 114-708 as a provision for the giving of "notice" of the award and not as merely a copy of the award itself.

What then is "notice of the award" under Code Ann. § 114-708? It is our opinion that the Code section contemplates that the 30-day period within which an

application must be filed begins to run from the date that the legal requirements of giving "notice" have been satisfied. The appellee-insurer and the superior court are of the opinion that such requirements are not met until the party receives actual notice of the award, so that the 30-day period begins to run on the date that the party actually receives his "copy of the award." Arguably the early cases construing "notice of the award" support this interpretation of the language. For example, in a fair reading of the *Fluellen* decision, supra, while the issue is never addressed directly, the implication is that the court considered the actual receipt of the copy of the award by the parties as compliance with the notice provision. Since, until recent enactment of Ga. L. 1978, pp. 2220, 2229 (Code Ann. § 114-707 (f)) the award of an administrative law judge could be issued within an indeterminate time from the date of the close of the record, such a construction of the notice provision in the predecessor to Code Ann. § 114-708 requiring actual receipt of the award by the parties might have been viably supported as necessary to protect against clerical or postal service errors which were more likely to·result in injustice to a losing party than would have been the case had there been a deadline for the issuance of the award.

There is, however, another explanation for this construction which we believe to be determinative. Under the prior workers' compensation statutes there was no provision as to the manner in which service of notice was to be effected; judicial recognition was taken, however, of the board's custom to serve notice by posting it in the United States mail. *Bailey-Lewis-Williams of Ga. v. Thomas,* 103 Ga. App. 279 (1) (119 SE2d 141) (1961). Thus, while it is never expressed, the cases which construe the predecessor to Code Ann. § 114-708 as requiring actual receipt of the award fall within the rule that "[w]here notice is required to be given, it is generally held, *in the absence of anything appearing to the contrary,* that the notice is not complete until it is received; and that, while mailing a notice duly directed and stamped may furnish presumptive evidence of its receipt, it does not alone constitute notice. [Cits.]" *Puryear v. Farmers Mutual Ins. Assn.,* 137 Ga. 579, 581 (73 SE 851) (1911).

(Emphasis supplied.) Compare *Genone v. Citizens Ins. Co.,* 207 Ga. 83, 86 (2) (60 SE2d 125) (1950).

Such was not the state of the law at the time relevant to this appeal.[1] Ga. L. 1974, pp. 1143, 1154 (former Code Ann. § 114-706) operative here provided, inter alia: "The State Board of Workmen's Compensation shall, . . . provide that each employee-claimant and employer must, . . . establish an address of record with the Board and it shall be incumbent upon such employee-claimant and employer to keep said address of record up to date. The requirement of any notice required by this Code Title *shall be satisfied* by sending such notice to the address of record by registered or certified mail." (Emphasis supplied.) It is thus seen that this statute did establish a rule "contrary" to any previous requirement that actual receipt was necessary; it established that the notice provision of Code Ann. § 114-708 would be *satisfied by sending* "a copy of the award" to the parties by registered or certified mail. Thereafter, notice was effective upon *proper* posting and the "critical" day from which the 30 days began to run was the date of such posting and not, as the appellee-insurer contends and as the superior court held, the date of actual receipt. Cf. *Wyone Shoe Co. v. Daniels & Co.,* 136 Ga. 192 (1) (71 SE 1) (1911); *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739 (216 SE2d 127) (1975).

The appellee-insurer argues against the rule that proper posting is "notice of the award," urging that the date of such "notice" would be no more definite than the date of actual receipt and that under either construction the state board would be required in every case to determine as a matter of fact the date of "notice." Upon this premise it is urged that as between the two constructions, each requiring a factual determination of

---

[1]Nor is it the case now. Our present Code Ann. § 114-707 (i) (Ga. L. 1978, pp. 2220, 2229) provides: "Each employer and claimant shall maintain an up-to-date address with the board. Any notice required by this Title *shall be satisfied* by mailing the notice to the address of record . . ." (Emphasis supplied.)

the "date" of notice, the construction which requires calculation from the date of actual receipt reflects better logic and is fairer to the party who wishes to appeal from the award. We do not agree with the appellee's analysis. Under former Code Ann. § 114-707 (Ga. L. 1975, pp. 198, 207) ". . . a copy of the award *shall immediately* be sent to the parties at dispute."[2] (Emphasis supplied.) The word "shall" is, of course, a word of command ( *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541) (1912)) and it is presumed that state board acts in compliance with the law (*Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113 (5) (192 SE2d 533) (1972)); therefore, it is presumed that the board "immediately" mailed a copy of the award to the parties and, therefore, that the date of the award is the date of mailing. Cf. *Bailey-Lewis-Williams of Ga. v. Thomas,* supra. Thus under the workers' compensation law as it existed at the time relevant to this appeal, the date appearing on the face of the administrative law judge's award would be the date from which the 30-day time limit would be calculated if the copy of the award were sent by registered or certified mail.

While the rule of "actual receipt" may be fairer to the party who desires to appeal from the award, this must be balanced and weighed against the need to be fair to *all* parties and against the administrative problems that such a rule would impose upon the board. We believe the rule we have enunciated above insures that all parties will receive notice of an administrative law judge's award and of the definite time limit within which an appeal therefrom must be made to the board and that it also insures that the board itself has notice of a date certain after which it no longer has the power to entertain such application for review.

_____

[2]Present Code Ann. § 114-707 (f) provides: "Following the completion of evidence, the administrative law judge *within 30 days, . . .* shall determine the questions and issues and file the decision with the record of the hearing. *At the time of the filing* [of the administrative law judge's decision] a copy of the decision *shall be mailed* to all parties . . ." (Emphasis supplied.)

2. Having determined what "notice of the award" is and the rules in relation thereto, we turn to the question of whether the superior court was correct in reversing and remanding this case to the board even though we have demonstrated that its construction of Code Ann. § 114-708 as requiring "actual notice" was incorrect. We believe that under the facts here the superior court reached the right result and affirm.

As discussed, supra, former Code Ann. § 114-707 (Ga. L. 1975, pp. 198, 207) imposed a duty upon the board to send a copy of the award to the parties "immediately." And former Code Ann. § 114-706 (Ga. L. 1974, pp. 1143, 1154) provided that any notice required by the workers' compensation law "shall be satisfied by sending such notice to the address of record by registered or certified mail." It is thus seen that if the board had performed its duty in the specified manner, the "notice" requirement would have been satisfied on the date of posting by certified or registered mail, presumptively the date on the face of the award. There is here, however, no evidence that a copy of the award appealed from was sent by either of the specified forms of mailing and all parties appear to agree that the award was not so mailed. Apparently the award was posted by regular mail.

The board not having elected to "satisfy" its duty to notify in the specified manner, what then is the effective date of "notice" from which the 30-day time of Code Ann. § 114-708 begins to run? The appellee-insurer argues that since the award was not mailed certified or registered, that the only alternative date of "notice" is the date of actual receipt of its copy of the award. We do not agree. Code Ann. § 81A-106 (e) provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." Arguably this provision of our Civil Practice Act does not apply in the workers' compensation context. But see Code Ann. § 81A-181. However, the Supreme Court has intimated that this 3-day extension *would* be applicable in cases where, as under Code Ann. § 114-708, filing time is

predicated on the giving of notice. *Akin v. Sanders,* 228 Ga. 251, 252 (184 SE2d 660) (1971). Furthermore, we believe that when *and only when* notice is effectuated by regular mail and the statutes prescribe that another method will "satisfy" the notice requirement, the 3-day extension gives expression to a "rule of reason" for which there is no sound argument to the contrary. Cf. *Brooks v. Hicks,* 230 Ga. 500, 501 (197 SE2d 711) (1973). Such a "rule of reason" would, however, have no application where transmittal by ordinary mail *is* the prescribed method of giving notice and the statutes specify that such mailing (not certified or registered) will "satisfy" the notice requirement; in that case, that the legislature specified that such mailing alone is sufficient to "satisfy" the notice requirement is a "sound argument to the contrary."[3] We, therefore, hold that because *and only because* the board effectuated notice by regular mail, a method *other than* that prescribed by the then-operative statute as "satisfaction" of the notice requirement, the "critical date" is three days after the date of mailing to the correct address and the 30-day period of Code Ann. § 114-708 is computed from that date. Thus, in the instant case, the "critical date" would be three days after January 27, 1978 (since we must presume the board "immediately" mailed the award) or January 30, 1978, regardless of actual receipt by the party by that date. Cf. *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 741 (3) (216 SE2d 127) (1975); *Bituminous Cas. Co. v. Renfroe,* 130 Ga. App. 621, 623 (1) (204 SE2d 317) (1974). The application for review would then have to be filed 30 days from that date or March 1, 1978. Appellee's application was in fact filed on February 28, 1978. Thus the application was made "within 30 days of notice of the award" under the proper construction of the workers' compensation statutes in effect during the period relevant to this case and the order

---

[3]We are constrained to note again the language of our present Code Ann. § 114-707 (i): ". . . Any notice required by this Title *shall be satisfied* by mailing the notice to the address of record . . ." (Emphasis supplied.) Thus, under our analysis, proper mailing (not registered or certified)

reversing and remanding the case to the board for consideration of the merits of the appeal was correct.

3. *Argonaut Ins. Co. v. Hamilton,* 146 Ga. App. 195 (245 SE2d 882) (1978), does not require a different result from the one we reach here. In that case no argument was made as to the construction of "notice of the award," all parties apparently conceding that in order for the application for review to be timely filed under former Code Ann. § 114-708 it had to reach the state board by September 19, 1977. On these facts the court held that receipt of the application in the Capitol Hill Post Office on September 19, 1977, with delivery to the state board on September 20, 1977, was not sufficient. Thus, review of that case and the cases cited therein demonstrates that the basis for its holding was that mailing is not filing; we deal here, however, with mailing as "notice," which is, of course, different from filing. The holding in *Argonaut* is not in conflict with our decision in the instant case.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED MAY 7, 1979 — DECIDED
JULY 13, 1979.

*Arrington, Rubin, Winter, Krischer & Goger, S. Richard Rubin,* for appellant.

*Neely, Player, Hamilton & Hines, Andrew J. Hamilton, B. A. Bladen,* for appellees.

would "satisfy" the notice requirement of the present workers' compensation law and the 3-day extension of Code Ann. § 81A-106 (e) would, therefore, not apply. In other words, if this case had arisen under present law, the appellee would *not* have the benefit of the 3-day extension.