## 74527. FORSYTH COUNTY BOARD OF EDUCATION et al. v. TRUSTY.
### (361 SE2d 55)

Carley, Judge.

Appellee was denied workers' compensation benefits following a hearing before an administrative law judge. However, a copy of the award was apparently not mailed to the current address of record for appellee's counsel. Appellee's counsel did not receive actual notice of the award until a week after it had been issued. Appellee's application for de novo review by the Full Board was filed on the thirty-first day following the date of the award. The Full Board entered no formal order with regard to appellee's application. Instead, in a series of letters, appellee was informed that the Full Board would not proceed to a consideration of her claim, for the reason that her application for de novo review had not been timely filed within thirty days of notice of the award as required by OCGA § 34-9-103. Acting pursuant to OCGA § 34-9-105, appellee then filed an appeal to the superior court, asserting that the Full Board had erroneously computed the time within which she was allowed to file her application for de novo review of the award denying her workers' compensation benefits.

The superior court's order posited two alternative analyses of the existing status of the Full Board's failure to conduct a de novo review of appellee's appeal. The superior court's order did not, however, indicate which of the two alternative analyses and depositions would be proper and it gave no final direction to the parties or the Full Board. The superior court's order merely concluded that "if" its first alternative analysis were the correct one, then the Full Board was ordered "to commence review of [appellee's] appeal" but "if" its second alternative analysis were correct, "then this order is of no force and effect and [appellee] will have to take steps necessary to cause the Full Board . . . to hear her appeal, i.e., seeking a writ of mandamus to compel the Full Board to act." Appellants applied to this court for a discretionary appeal from the superior court's order. This appeal results from the grant of appellants' application.

OCGA § 34-9-105 provides that, in a workers' compensation case, an appeal to the superior court may only be brought from a "final

award," a "final order or judgment," or "any other final decision." A superior court has the threshold jurisdiction to determine whether it has jurisdiction over an appeal that has been filed pursuant to OCGA § 34-9-105. See generally *Garner v. Owens-Ill. Glass*, 134 Ga. App. 917 (216 SE2d 709) (1975). If the superior court determines that it has no jurisdiction pursuant to OCGA § 34-9-105, it should dismiss the appeal. *Garner v. Owens-Ill. Glass*, supra. If it determines that jurisdiction exists, it then has the authority and jurisdiction to affirm or to reverse the appealable ruling or, in some cases, to remand the proceedings. See *Fulton Cotton Mills v. Lashley*, 123 Ga. App. 528, 531 (3) (182 SE2d 180) (1971). See also *American Cas. Co. v. Harris*, 96 Ga. App. 720, 723 (101 SE2d 618) (1957); *Employers Mut. Liab. Ins. Co. v. Videtto*, 124 Ga. App. 458, 462 (2) (184 SE2d 210) (1971).

The superior court's order in this case identifies the issues to be resolved, to wit: whether, pursuant to OCGA § 34-9-105, it had jurisdiction over appellee's appeal from the inaction of the Full Board; and, if such jurisdiction did exist, the propriety of the Full Board's refusal to afford appellee a de novo review of the merits of her claim. However, a final order such as a superior court is authorized and required to enter in a workers' compensation case has not been entered in this case. The order under consideration neither dismisses appellant's appeal for lack of jurisdiction nor does it, in the exercise of jurisdiction pursuant to OCGA § 34-9-105, proceed to affirm, reverse or remand appellee's claim to the Full Board. It was incumbent upon the superior court to make a determination as to its jurisdiction and then to enter an appropriate final order implementing that determination. Accordingly, the order in this case must be reversed with direction that the trial court enter an order which finally disposes of appellee's appeal, either by dismissing it or by remanding the proceedings to the Full Board. When the superior court has entered a final order in this case, either dismissing appellee's appeal or remanding the proceedings to the Full Board, the losing party will be free to seek appellate review pursuant to OCGA § 5-6-35.

*Judgment reversed and case remanded with direction. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1987.

*Daniel C. Kniffen*, for appellants.
*Kenneth Rajotte*, for appellee.