## 76373. FORSYTH COUNTY BOARD OF EDUCATION et al. v. TRUSTY.

### (370 SE2d 793)

BENHAM, Judge.

The award of the ALJ in this workers' compensation case was issued on December 3, 1985. Although appellee's counsel had recently notified the ALJ of a change of address for counsel, a copy of the award was sent to counsel's old address. Counsel received a copy of the award in the mail on December 10, 1985. An appeal to the full board, filed January 3, 1986, was held untimely. The superior court, after an appeal to this court from the first judgment entered in this case (184 Ga. App. 193 (361 SE2d 55) (1987)), held that notice was not perfected until counsel's receipt of a copy of the award on December 10, 1985; that the 30-day period for filing an appeal ran from that date; and that the appeal was timely. We reverse.

In *Favors v. Travelers Ins. Co.*, 150 Ga. App. 741, 746 (1) (258 SE2d 554) (1979), this court established that the "date appearing on the face of the administrative law judge's award would be the date from which the 30-day time limit would be calculated if the copy of the award were sent by registered or certified mail." Because the law under which *Favors* was decided required mailing by registered or certified mail, this court noted that mailing by regular mail would add three days to the 30-day period. However, in footnote 3 of that opinion, we noted further that the requirement for registered or certified mail had been removed from the statute and that there would be no automatic three-day extensions for cases arising after the amendment. This is such a case.

Under *Favors* and OCGA §§ 34-9-102 and 34-9-103, the notice in this case was effective on December 3, 1985, if mailed to the parties on that date. A careful study of the record reveals no showing or even an allegation that notice was not properly sent to the *parties*. There seems to be no question in this case that the notice was sent to counsel's old address. However, we can find no statutory provision or appellate decision requiring that notice be sent to counsel at all. OCGA § 34-9-102 (f) provides that "a copy of the [ALJ's] decision shall be mailed to all *parties*." (Emphasis supplied.) Subsection (i) requires that "[e]ach employer and claimant" maintain an address of record and provides that notice requirements are satisfied by mailing to the address of record. It is clear from the statute that the employer (which includes its insurer, OCGA § 34-9-1 (3)) and the employee are the parties in a workers' compensation case.

We find no authority for the proposition that counsel for an employer or employee is a party to the litigation. "Georgia law broadly defines a 'party' to include one who is directly interested in the subject matter of the litigation, has the right to adduce testimony, to

cross-examine witnesses, to control the proceedings, and to appeal from the judgment. [Cits.]" *Wilkins v. Dept. of Human Resources*, 255 Ga. 230 (3) (337 SE2d 20) (1985). That description fits either the employer or the employee, but not the counsel for those parties.

Though there would certainly be virtue in a statutory requirement that notice be sent to counsel as well as to the parties, the legislature has not enacted one. Until it does, notice mailed to the parties is sufficient. There being no contention here that notice to the claimant herself was insufficient, there was no basis for the superior court's holding that the time for appealing the ALJ's award ran from December 10, 1985. Under *Favors*, supra, it ran from the date of issuance of the award, December 3, 1985, and the appeal filed January 3, 1986, was untimely. The trial court erred in holding that the appeal was timely.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 8, 1988.

*Daniel C. Kniffen, Charles L. Drew*, for appellants.
*Kenneth J. Rajotte*, for appellee.