**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 30, 2024**

# In the Court of Appeals of Georgia

A24A0740. COFFMAN et al v. BARNSLEY CONSULTING GROUP et al.

PADGETT, Judge.

Diana Coffman sought payment of workers' compensation death benefits following the death of her husband. The Administrative Law Judge ("ALJ") found Coffman was not entitled to benefits, and her appeal to the Appellate Division of the State Board of Workers' Compensation was dismissed as untimely ("Appellate Division"). Coffman then appealed to the superior court, which also dismissed the appeal. We granted Coffman's application for discretionary appeal and, for reasons that follow, we affirm.

Following the death of her husband, Chad, Coffman sought payment of death benefits under the Workers' Compensation Act ("the Act"). She filed a claim against

Chad's employer, Barnsley Consulting, Inc., and its' workers' compensation insurer, Continental Western Insurance Company (the "Employer/Insurer"). Following a hearing, the ALJ found that Chad's death did not arise out of and in the course of his employment and thus denied the claim.[1]

The ALJ's award was issued on January 28, 2022, and it was sent electronically to counsel on that date. It is undisputed that Coffman's attorney received the award. On February 18, 2022 – 21 days after the award's issuance – Coffman appealed to the Appellate Division. The Employer/Insurer moved to dismiss the appeal as untimely under OCGA § 34-9-103 (a), which provides in relevant part that "[a]n application for review shall be made to the appellate division within 20 days of issuance of notice of the award."

Coffman objected to the dismissal of the appeal. According to Coffman, the Act requires that notice of an award be *mailed* to parties at their addresses of record rather than emailed. Because the method of delivery was other than that required by statute, Coffman contended that she was entitled to an additional three days in which to file

---

[1] Coffman's husband was involved in a single-car accident. The evidence suggests that the accident was caused by medical issues unrelated to employment. The husband became ill during his subsequent hospitalization, and he died two weeks after the accident.

an appeal. See *Favors v. Travelers Ins. Co.*, 150 Ga. App. 741, 747-748 (2) (258 SE2d 554) (1979). To the extent the Board rules provided otherwise, Coffman argued that the rules exceeded the permissible statutory authority of the Board.

The Appellate Division granted the Employer/Insurer's motion, concluding that the 20 days in which to file an appeal began running on January 28, 2022, the date shown on the ALJ's award. The Appellate Division further found that the award was sent both via email and regular mail on January 28, 2022.[2] Because no appeal was filed within 20 days, the Appellate Division dismissed Coffman's appeal for lack of jurisdiction.

Coffman then appealed to superior court. The Employer/Insurer filed a motion to dismiss, arguing that, because the ALJ's award was final as a matter of law, the superior court lacked jurisdiction to entertain the appeal. The superior court then dismissed the appeal. Coffman filed an application for discretionary appeal from this ruling, which we granted.

---

[2] Coffman and her attorney both submitted affidavits averring they had not received copies of the award via U. S. mail, and there is nothing in the record other than the Appellate Division's statement that the award was, in fact, mailed. Because it is not necessary to our analysis, we do not consider the extent to which we must credit the Appellate Division's assertion that the award was mailed.

The central issue to be decided is when the clock starts running for purposes of appealing a workers' compensation award. In deciding this issue, we look first to OCGA § 34-9-103, which governs the procedure for appealing a decision of an ALJ. This statute provides, in relevant part:

> Any party dissatisfied with a decision of an administrative law judge of the trial division of the State Board of Workers' Compensation may appeal that decision to the appellate division of the State Board of Workers' Compensation which shall have original appellate jurisdiction in all workers' compensation cases. An application for review shall be made to the appellate division within 20 days of issuance of notice of the award.

OCGA § 34-9-103 (a). Board Rule 103 further provides that "[t]he time for application for review commences on the date shown on the notice of the award[.]" State Board Rule 103 (a).

Based on the language of the statute and board rule, the appeal clock started running on January 28, 2022 – the date on which the award was issued. In arguing for a different result, Coffman points to OCGA § 34-9-102 (f), which provides that an award "shall be sent to all parties and counsel of record at their addresses of record." Under subsection (i), "[a]ny notice required by [the Act] shall be satisfied by the

4

mailing of the notice to the address of record[.]" OCGA § 34-9-102 (i). According to Coffman, the use of the word "shall" in the statute reflects a legislative mandate that an award be mailed via U. S. mail.

As a threshold matter, we note that the State Board of Workers' Compensation – like many adjudicatory bodies – has moved to an electronic filing system. Under OCGA § 34-9-60 (a), the board is authorized to make "make rules, not inconsistent with this chapter, for carrying out this chapter . . . [and] may promulgate policies, rules, and regulations concerning the electronic submission to and transmission from the board of documents or filings. . . ." And the Rules make clear that, in most instances, the transmission of documents is to be accomplished through electronic means. See State Board Rules 60 (d), 62 (d), 102 (a) (5) and 102.1 (a).[3]

Even accepting that OCGA § 34-9-102 requires a copy of an award be sent via U. S. mail, we do not agree that the Board must provide evidence of such mailing in order to start the clock running in which to file an appeal. In *Cambron v. Canal Ins.*

---

[3] OCGA § 34-9-60 (a) was amended in 2005 to pave the way for electronic transmission of documents. See Ga. L. 2005, Act 378 § 3. The case Coffman cites to support her contention that she was entitled to a *mailed* copy of the award – *Favors v. Traveler's Ins. Co.* – was decided in 1979. *Favors*, supra. Given that *Favors* pre-dated the shift to electronic transmission of awards, the reasoning in that case has little bearing here.

*Co.*, 246 Ga. 147 (269 SE2d 426) (1980), the Supreme Court addressed the remedy for an appellant who lost a right to appeal due to lack of notice of the trial court's ruling. That Court held that, where no notice is given, a trial court may vacate and re-enter its ruling to begin anew the time in which to file an appeal. See *Cambron*, 246 Ga. at 148-149 (1). In *Wright v. Young*, the Supreme Court clarified that an order should not be vacated simply because a litigant did not receive notice of a judgment; an order should be vacated only where the lower tribunal has failed to fulfill a duty to provide notice. *Wright v. Young*, 297 Ga. 683, 684 (777 SE2d 475) (2015). In neither case did the Supreme Court suggest that an appropriate remedy for a trial court's failure to provide notice of a ruling would be to extend the time in which to file an appeal. Implicit in these rulings is the idea that a litigant's obligation to file a timely appeal is separate from the trial court's obligation to provide notice of its ruling. This reasoning is consonant with the jurisdictional implications of filing deadlines. See *Holder v. City of Atlanta*, 294 Ga. App. 568, 570 (669 SE2d 504) (2008) (recognizing that the filing deadlines in the Act are jurisdictional). Accordingly, the Board's alleged failure to mail Coffman a copy of the award did not extend the time in which to appeal.

Furthermore, the record makes clear that Coffman's attorney had actual notice of the award on the date it was entered. Thus, in order to appeal that award, Coffman was required to file her "application for review . . . to the appellate division within 20 days of issuance of notice of the award." See OCGA § 34-9-103 (a). The time began running "on the date shown on the notice of award[.]" See State Board Rule 103 (a). Although the statute and rule refer to "notice of the award" rather than "award," the Board has clearly interpreted the two as synonymous. To the extent the term "notice of award" may be ambiguous, we will defer to the Board's interpretation. See *City of Guyton v. Barrow*, 305 Ga. 799, 802-804 (2) (828 SE2d 366) (2019) (where the meaning of a statute is ambiguous, we may defer to the agency's interpretation). Under these circumstances, we agree with the Board that Coffman's appeal to the Appellate Division was untimely and thus subject to dismissal.

But that does not end our inquiry. The order on appeal is not from the Appellate Division, it is from Coffman's appeal to superior court.[4] The superior court

---

[4] The superior court's order is somewhat confusing at it appears to treat Coffman's challenge to the January 28, 2022, ruling of the ALJ as distinct from her appeal of the Appellate Division's March 16, 2022, order dismissing the appeal. In any event, the superior court determined that it lacked jurisdiction to consider the appeal, which it dismissed.

purported to dismiss the appeal based on lack of jurisdiction. But the superior court was acting as an appellate court and thus had jurisdiction to determine the propriety of the Appellate Division's order pursuant to OCGA § 34-9-105 (b). Indeed, even if a lower court lacks jurisdiction to enter an order, an appellate court has jurisdiction on appeal for the purpose of correcting an error of the lower court. See *Ferrell v. Young*, 323 Ga. App. 338, 344 (2) (746 SE2d 167) (2013).

The superior court should have affirmed the Appellate Division's decision rather than dismiss the appeal. Ordinarily, we would vacate the superior court's order and remand for entry of a new order. Here, however, Coffman has no right of appeal, and we see no purpose in returning the case to the superior court for essentially a clerical exercise. Accordingly, we affirm the superior court's ruling to the extent it recognized that Coffman's appeal to the Appellate Division was untimely and that the award of the ALJ was thus final by operation of law. See OCGA § 34-9-102 (f) ("The compensation award shall be final 20 days after issuance of notice of the award unless an appeal is filed in accordance with Code Section 34-9-103.").

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*

8